GENE A. PINKERTON, APPELLANT AND CROSS-APPELLEE, V.
LAMAR P. LEONHARDT ET AL., APPELLEES AND
CROSS-APPELLANTS.

168 N. W. 2d 272

Filed May 23, 1969. No. 37122.

William S. Padley, for appellants.

Murphy, Pederson & Piccolo, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The plaintiff's petition, filed June 5, 1962, alleged that the defendants had loaned the plaintiff $1,000 to purchase a tractor and trailer; that to secure the loan, the titles to the tractor and trailer were taken in the name of the defendants; that the plaintiff made monthly payments to the Mack Truck Corporation and to the United States National Bank of Omaha, Nebraska, and repaid the sum of $1,000 to the defendants; that the defendants, without cause, "converted said vehicle to their own use without the consent of this Plaintiff," and upon demand, refused to return the truck and trailer to the plaintiff; and that "as a result of the conversion of said vehicle by the Defendants without the consent of the Plaintiff," the plaintiff had suffered damages of $8,500, that being the amount of the fair value of the vehicle in excess of

the unpaid balance of the mortgage "at the time of said conversion."

The trial court sustained a general demurrer to the petition and dismissed the action. The plaintiff's motion for new trial was overruled and he has appealed.

The petition attempts to allege a cause of action for damages for conversion. It is defective in that it fails to allege facts showing a right to immediate possession in the plaintiff. Jessen v. Blackard, 159 Neb. 103, 65 N. W. 2d 345.

The plaintiff argues that the petition should be considered as alleging a cause of action for breach of contract. But the petition fails to allege a contract and a breach thereof as the basis for recovery. There is no sufficient allegation of a promise on the part of the defendants in the petition filed in this case.

Pleadings perform a useful and necessary purpose. They frame the issues upon which the cause is to be tried and advise the adversary as to what he is called upon to meet. Johnson v. Ruhl, 162 Neb. 330, 75 N. W. 2d 717. The defendant has a right to insist that all facts essential to the existence of a cause of action against him be stated in the petition. Ainsworth v. County of Fillmore, 166 Neb. 779, 90 N. W. 2d 360. A pleading should be construed with reference to the general theory upon which it proceeds, and should not be uncertain as to which of two or more theories is relied on. Fellers v. Howe, 106 Neb. 495, 184 N. W. 122.

The demurrer was properly sustained. The judgment of the district court is affirmed. It is unnecessary to consider the cross-appeal.

AFFIRMED.

SPENCER, J., participating on briefs.