EDWIN SEEMAN, ADMINISTRATOR OF THE ESTATE OF JOHN E. SEEMAN, DECEASED, APPELLANT, V. ELIZABETH PAGELS, APPELLEE.

172 N. W. 2d 100

Filed November 14, 1969. No. 37256.

Homer E. Hurt, Jr., for appellant.

Thomas E. Brogan and Monen, Seidler & Ryan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This action results from an automobile accident which occurred at the intersection of two graveled county highways. On trial to a jury, verdict was rendered for defendant. Judgment was entered on the verdict and we affirm the judgment of the district court.

Plaintiff is the administrator of the estate of John E. Seeman who was killed in the accident. For convenience, the deceased will be referred to as Seeman. The accident occurred just at dusk on October 1, 1966, at a county road intersection ½ mile east and 3 miles north of West Point, Nebraska. Both roads were graveled,

but the east-west road contained a considerably heavier coating of gravel. There was a very slight decline from the west and a slight incline from the north. Apparently neither grade exceeded 5 percent. There were no warning or stop signs on either approach, but the east-west road was the more heavily traveled of the two. All corners of the intersection were open so that oncoming traffic could be observed with the exception of the northwest corner of the intersection. Here, on the north edge of the east-west road, there were tall weeds and shrubbery, then going west was an opening, a small bushy tree, another small opening, and a heavy growth of trees. Both Seeman and defendant were residents of the neighborhood where the accident occurred.

Seeman approached from the west. His automobile left skid marks for a distance of 92 feet 8 inches and following the collision traveled in a southeasterly direction a distance of 59 feet 7 inches where it came to rest upside down. This was a two-door Dodge hardtop. It was completely demolished, with the left side caved in, the trunk lid torn off, and the top flattened. Defendant's automobile left skid marks for a distance of 30 feet and following the collision traveled in a southeasterly direction a distance of 39 feet where it came to rest in an upright position. The right front of this car sustained considerable damage and the right front wheel was damaged. Defendant had approached the intersection from the north.

Defendant had traveled almost in the center of the 18-foot 6-inch north-south road and Seeman, though partially in the center, was largely to the right of the center of the 21-foot wide east-west road. The accident occurred in the northwest corner of the southeast quadrant of the intersection.

Defendant testified that she was driving at about 45 miles per hour until within about ¼ of a mile of the intersection where she started to slow down and approached the intersection at a speed of about 30 miles

per hour; and that she looked to the west, then to the east, then back to the west. At this time she was about 1½ car lengths from the intersection. She saw the Seeman car about 2 car lengths to the west of the intersection and applied her brakes. There is no direct evidence relating to the speed of the Seeman car.

Plaintiff contends that defendant was guilty of negligence as a matter of law in that she failed to comply with the provisions of section 39-7,108, R. R. S. 1943, and reduce her speed. Defendant testified that she did reduce her speed, but in any event, we have long held that: "The violation of statutes regulating the use and operation of motor vehicles upon the highways is not negligence per se, but evidence of negligence, which may be taken into consideration with all the other facts and circumstances in determining whether or not negligence is established thereby." Guerin v. Forburger, 161 Neb. 824, 74 N. W. 2d 870. Plaintiff also insists that in view of the provisions of section 39-728, R. R. S. 1943, Seeman had the directional right-of-way. The two vehicles having collided, it is apparent that they did reach the intersection at approximately the same time and Seeman was on the right. Nevertheless, there are factors present which indicate that Seeman was traveling at a higher rate of speed than the defendant. The jury may have concluded that his speed was unlawful and that he thereby forfeited his directional right-of-way. "The operator of a motor vehicle on a highway who would otherwise have the right-of-way under statutory regulations if he operates it at a lawful rate of speed forfeits that right-of-way if he operates it at an unlawful rate." Thomas v. Owens, 169 Neb. 369, 99 N. W. 2d 605. "Where different minds may draw different conclusions from the evidence in regard to negligence, the question should be submitted to the jury." Maska v. Stoll, 163 Neb. 857, 81 N. W. 2d 571.

Plaintiff insists that the issue of contributory negli-

gence should not have been submitted to the jury. Although Seeman approached the intersection from defendant's right, as heretofore pointed out, the evidence presents questions as to the speed of both vehicles, particularly in regard to the lawfulness of such speed as the vehicles approached a partially blind intersection. It is plaintiff's position that defendant was negligent in this respect or that at least a jury question was presented on the issue. The same identical reasoning is applicable to Seeman and we agree that this point was one for the jury to determine. This is also true regarding other grounds of negligence and contributory negligence alleged. Plaintiff claimed Seeman had the right-of-way by virtue of being first in the intersection. Plaintiff charged defendant and defendant charged Seeman with a failure to maintain a proper lookout, failure to maintain reasonable control of their vehicles, and failure to stop or turn aside to avoid the accident. Under the circumstances attendant upon the accident, it was for the jury to determine the truth or falsity of these charges and countercharges and it was as much a jury question as to one as to the other. The circumstances were similar in this respect as to both parties.

Plaintiff argues that the trial court erred in permitting defendant to amend her answer after the parties had rested. The amendment charged contributory negligence of Seeman in failing to stop or turn aside to avoid the accident. The facts show that Seeman did neither. "When a motion has been made to amend a pleading to include a material allegation upon which some evidence has been received, such amendment should be allowed." Curren v. Certain Parcel of Land, 149 Neb. 477, 31 N. W. 2d 405.

Finally, plaintiff objects to the refusal of the court to instruct that although either or both of the parties may have had liability protection that should not be considered by the jury nor should any weight be given to the fact that the subject had not been mentioned dur-

ing the trial. No issues regarding liability insurance, its ownership or lack of ownership, arose during the trial. "The charge of a trial court to the jury should be confined to the issues presented by the pleadings and supported by the evidence." Newkirk v. Kovanda, *ante* p. 127, 165 N. W. 2d 576.

No error appearing, the judgment of the district court is affirmed.

AFFIRMED.