WILLIAM R. BAKER, APPELLEE, v. JOSEPH S. DALY, SPECIAL ADMINISTRATOR OF THE ESTATE OF LEONARD LOUIS DUFFY, APPELLANT, IMPLEADED WITH IDEAL CEMENT STONE COMPANY, APPELLEE.

195 N. W. 2d 755

Filed March 17, 1972. No. 38049.

Martin A. Cannon of Matthews, Kelley, Cannon & Carpenter, for appellant.

David A. Johnson and Emil F. Sodoro, for appellee Baker.

Joseph P. Cashen, for appellee Ideal Cement Stone Co.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is an appeal from a jury verdict and judgment for $17,600 resulting from a pedestrian-automobile collision at an intersection in the City of Omaha, Nebraska. Generally, the appeal raises questions of error in the instructions and the sufficiency of the evidence to sustain the verdict. We reverse the judgment of the district court and remand the cause for a new trial.

A detailed analysis of the facts is not necessary in the light of the disposition we make in the case. For purposes of clarity we recite a general background summary of the evidence. On the day of the accident, September 16, 1968, the plaintiff was employed as a truck driver by the Ideal Cement Stone Company. He and two other employees, returning from a company errand, and each driving a dump truck, stopped for coffee at Harold's Coffee Shop, which is located on the southeast corner of the intersection of Thirtieth and State Streets in Omaha. The men parked their trucks in a line facing south on the west side of Thirtieth Street. The plaintiff's truck was the last in line, and the end of his truck was parked within 10 feet of State Street. The men waited in their trucks a few minutes until a hard rainfall subsided, then crossed the street and entered the coffee shop.

Upon leaving the coffee shop, one of the plaintiff's coworkers walked across State Street to buy a newspaper. The other, Allen Curtiss, jaywalked in a southwesterly direction across Thirtieth Street toward his truck. About the same time, the plaintiff began to cross Thirtieth Street. He testified that he looked first to the south, and seeing no cars, to the north. He saw a car approaching from that direction, but it was about a block away, so he proceeded to cross. The plaintiff testified

that he was in the crosswalk at all times. He safely crossed the northbound lane, and looked again to the north just before he was hit by a car driven by defendant's decedent.

The district court admitted in evidence, over objections, the Omaha city ordinance regulating the right-of-way between vehicles and pedestrians at intersections controlled by automatic signal lights. In the court's instructions, the jury was advised of the ordinance and the issue of the violation of the ordinance was submitted to the jury. There is insufficient evidence to submit this issue to the jury. The plaintiff himself testified there was no traffic light at the intersection. The policeman who investigated the accident and two on-the-scene witnesses, Coyle and Shipley, all testified there was no traffic signal or light at the corner at the time of the accident. The submission of this issue to the jury rests entirely upon the rather uncertain testimony of one of the companions of the plaintiff who was present at the intersection at the time the accident occurred. More important, the city records concerning the installation and position of traffic lights were subpoenaed, and affirmatively show that there was no traffic signal light at the time of the accident, and that in fact such traffic signal light was installed and connected on a date about 1 month after the accident. Applying to this situation the familiar rule applicable to the determination of the sufficiency of the evidence to submit an issue to the jury, we have no hesitation in determining that reasonable minds could not differ in coming to the conclusion that the evidence as to the physical facts establishes conclusively that there was no traffic signal light as provided by the ordinance of the City of Omaha installed and operating at the time of the accident.

It is contended that the testimony of the one witness, which is contrary to what the plaintiff testified to, the police officer, and the official records of the City of Omaha, is sufficient to carry the issue to the jury. This

court has said many times that in every case, before the evidence on an issue is submitted to the jury, there is a preliminary question for the court, not whether there is literally no evidence, but whether there is any upon which a jury can proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed. A mere scintilla of evidence is not enough to require the submission of an issue to the jury. Where an issue, even assuming that it is properly pleaded, affords no basis for recovery under the evidence adduced in the case, the trial court's submission of such an issue to the jury constitutes error. Edmunds v. Ripley, 172 Neb. 797, 112 N. W. 2d 385; Raff v. Farm Bureau Ins. Co., 181 Neb. 444, 149 N. W. 2d 52; Jarosh v. Van Meter, 171 Neb. 61, 105 N. W. 2d 531; Springer v. Henthorn, 169 Neb. 578, 100 N. W. 2d 521; Buchanan v. Zorn, 169 Neb. 396, 99 N. W. 2d 773; Pullen v. Novak, 169 Neb. 211, 99 N. W. 2d 16; Johnsen v. Taylor, 169 Neb. 280, 99 N. W. 2d 254. It is quite obvious that the error was prejudicial, because it permitted the jury to find negligence on the part of the defendant's decedent in violating a signal light, where reasonable minds could not differ that it was not in existence as a matter of physical fact. This was reversible error.

Since the judgment in this case must be reversed, we briefly examine the other assignments of error to the extent necessary for proper submission of the cause on remand. There is evidence in this case that the plaintiff was crossing the intersection in a clearly marked crosswalk, giving him the right-of-way across the intersection under the state statute and the applicable Omaha city ordinance. There is also evidence that the plaintiff in crossing in the crosswalk observed the automobile of defendant's decedent approximately 1 block away. It is the defendant's contention, in essence, that as a matter of law, the plaintiff was guilty of contributory negligence in not again looking and seeing the car in time to avoid the accident. We are of the opinion that this is a

question for the jury under proper instructions. In a closely similar, if not almost identical case, involving a pedestrian crossing at a crosswalk at an intersection in the City of Omaha, this court said as follows in Beck v. Trustin, 177 Neb. 788, 131 N. W. 2d 425:

"Defendant further argues that the plaintiff was guilty of contributory negligence more than slight as compared with any negligence proved against the defendant, and specifically contends that plaintiff's negligence was *in failing to see the automobile of the defendant; in leaving a place of safety and placing himself in the path of the approaching automobile; and in exposing himself to an obvious danger which would have been apparent to him if he had looked.*

"We consider first whether the plaintiff was guilty of negligence more than slight in comparison with the negligence of the defendant. It is defendant's contention that plaintiff did not look to the north before entering the street. The plaintiff's testimony is unequivocal that he did. It is true he made statements on the day of the accident which tend to question his testimony, but this merely made it a jury question, and the jury must have accepted the plaintiff's version. The defendant further contends that the evidence is undisputed that the plaintiff did not look to the north after he had entered the intersection until he had proceeded almost to the center of the intersection where he was struck by the defendant's car. Is this negligence more than slight as a matter of law when compared with the negligence of the defendant? *We determine under the facts in this case that it is not.*

"Section 35.16.010, city traffic code of the Omaha city ordinances, provides in part: ' "a) The driver of any vehicle shall yield the right of way to a pedestrian crossing the street within any marked crosswalk or within any unmarked crosswalk at the end of a block, * * *." * * * "h) Notwithstanding the provisions of this section every driver of a vehicle shall exercise due care

to avoid colliding with any pedestrian upon a roadway, and shall give warning by sounding the horn when necessary." '

"The provisions of 'a' above are substantially the same as those of section 39-751, R. S. Supp., 1963, covering the rights of pedestrians at intersection crossings. The evidence of the only disinterested witness places the defendant's automobile north of the intersection when the plaintiff stepped off the curb. Certainly the jury, under the evidence, could find that plaintiff was in the crosswalk and had the right-of-way when the defendant entered the intersection. * * *

"As pointed out in Costanzo v. Trustin Manuf. Corp., 176 Neb. 136, 125 N. W. 2d 556, before a verdict can be directed against a motorist for failing to see an approaching vehicle at a nonprotected intersection, the position of the approaching vehicle must be undisputedly located in a favored position. Certainly, a pedestrian with a right-of-way is in a much stronger position, and if his right-of-way is to be protected, *we cannot permit the failure to see an approaching car or a misjudgment as to its speed to be the sole criteria. The failure of a pedestrian with the right-of-way to see an approaching car within the limit of danger or to misjudge its speed does not ordinarily constitute contributory negligence as a matter of law. It is no more than evidence from which a jury may find contributory negligence.*" (Emphasis supplied).

The issues of negligence and contributory negligence were properly submitted to the jury under all the evidence in this case. Because of error in the submission of an issue to the jury upon which there was no proper supporting evidence, the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.