LOIS M. GIER, APPELLANT, V. C. E. GLEASON ET AL., APPELLEES.

201 N. W. 2d 388

Filed October 20, 1972. No. 38484.

John A. Wagoner, for appellant.

Luebs, Tracy, Huebner, Dowding & Beltzer, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action for damages resulting from an automobile accident. An employee of defendants, while driving defendants' pickup truck, was involved in the accident. Plaintiff pleaded and sought to recover on the theory that the employee was acting within the

course and scope of his employment at the time the accident occurred. Plaintiff appeals from an adverse verdict and judgment which we affirm.

One Alfred Wolfe was engaged by defendants through an employment office. He was conveyed to a pasture where defendants pastured sheep and instructed to remove woven wire fencing from permanent posts and roll it up. The rolls contained from 20 to 80 rods of wire and weighed up to 175 or 200 pounds. Wolfe was neither instructed nor expected to load the rolls although a pickup truck used in fencing operations and belonging to defendants was standing in the pasture. It does not appear that Wolfe was given authority to operate the truck on the public highways for any purpose. Wolfe did very little work before taking off in the pickup and at the time of the accident was intoxicated. He had not been drinking alcoholic liquors prior to the time he was conveyed to the pasture nor does it appear defendants were aware of any propensity Wolfe might have had for becoming intoxicated.

The evidence clearly fails to prove that Wolfe was acting in the course and scope of his employment as pleaded. Plaintiff now seeks to recover on the theory of "negligent entrustment." In order to do so she must allege and prove that defendants entrusted the pickup to Wolfe and knew, or in the exercise of ordinary care, should have known, he had a propensity for becoming intoxicated. See, Annotation, 19 A. L. R. 3d 1175; Deck v. Sherlock, 162 Neb. 86, 75 N. W. 2d 99. The record reveals that plaintiff neither alleged nor proved a cause of action based upon negligent entrustment. It is well settled that instructions must be confined to issues presented by the pleadings and supported by evidence. See Seeman v. Pagels, 184 Neb. 757, 172 N. W. 2d 100.

In addition to establishing negligence on the part of Wolfe, it was essential to a recovery by plaintiff that she prove the existence of a master-servant relationship between Wolfe and defendants and that at the time

of the accident Wolfe was acting within the course and scope of his employment. It appears that Wolfe was an employee of defendants, but the record is barren of any evidence whatsoever to establish that he was at the time of the accident acting within the course and scope of his employment. On the contrary, it appears he took the pickup truck without authorization. Plaintiff having failed to prove an essential element of her cause of action, defendants' motion for a directed verdict should have been sustained. "Where an issue, even assuming that it is properly pleaded, affords no basis for recovery under the evidence adduced in the case, the trial court's submission of such an issue to the jury constitutes error." Baker v. Daly, 188 Neb. 156, 195 N. W. 2d 755. Under such circumstances submission of an issue of contributory negligence to the jury cannot be prejudicial.

The judgment of the district court is affirmed.

AFFIRMED.