ANTHONY M. ERA, SR., APPELLANT, V. SAPP BROS. GMC,
INC., APPELLEE.

202 N. W. 2d 750

Filed December 8, 1972. No. 38482.

Frank Meares, for appellant.

Crosby, Pansing, Guenzel & Binning and Theodore L.
Kessner, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

In this case the trial court sustained the defendant's
motion for a directed verdict on plaintiff's action for
damages from the loss of use of his 1960 G.M.C. truck
allegedly caused by negligent performance of repairs
to said truck performed by the defendant Sapp Bros.
We hold that the trial court's finding of the insufficiency
of the evidence to submit the case to the jury is correct
and we affirm the judgment of the district court.

Plaintiff's evidence consisted of his own oral testi-
mony, certain written repair orders made out by the
defendant Sapp Bros., a list of requested repairs made
out by the plaintiff, and numerous canceled checks which
allegedly represented payments made by the plaintiff
to other haulers during the period of time he alleges
that his 1960 truck was out of service.

The plaintiff testified on direct examination that he
was the sole hauler of residue for the Quaker Oats plant
in Omaha. He used two trucks in this business, the
one involved here and a 1963 truck, both of which had

been and were serviced quite regularly at the defendant's repair shop.

The solution to this case is foreshadowed by an examination of the pleadings. It is elementary that the pleadings frame the issues between the parties, and the evidence must be confined to those issues. § 25-846, R. R. S. 1943; Pinkerton v. Leonhardt, 184 Neb. 430, 168 N. W. 2d 272; Watson Bros. Transp. Co. v. Jacobson, 168 Neb. 862, 97 N. W. 2d 521. Giving the plaintiff's petition the most liberal construction possible under law, his petition states a cause of action for recovery for the loss of use of his dump truck due to the alleged negligent repair of the transmission by the defendant on or about October 10, 1968. This is the issue and the only issue that is framed by the pleadings in the case. It is the theory upon which both parties prepared for trial and attempted to introduce evidence.

In the plaintiff's petition he claims negligent repair of the transmission on October 10, 1968. We will not repeat the testimony by the plaintiff in this area. Suffice to say it is confusing, contradictory, and uncertain. Certain undisputed facts, however, stand out in the record. The evidence as to the actual work performed by the defendant Sapp Bros. consisted of recitals in "repair orders." The repair order of October 10, 1968, the date alleged in the petition, is totally silent on any matter of transmission repair. It includes other items. Nor do the other repair orders of September 27, 1968, October 7, 1968, October 20, 1968, or October 25, 1968, have any suggestion or mention of transmission difficulty nor do they direct or report any transmission repair. The evidence does show, both by the plaintiff's own oral testimony and the written repair orders, that numerous other items of repair were requested and were performed. The most that could be said from this evidence is that it is clear the plaintiff's truck was in need of repair, not because of an inoperative transmission but because of inoperative brakes.

The evidence shows that the period of time the plaintiff claimed the truck was out of service was from October 10, 1968, through December 31, 1968. The plaintiff's own testimony is that the repairs on the order of October 10, 1968, which did not include transmission work as shown by exhibit 2, were not completed until approximately October 16. He makes no complaint that the repairs took too long a time. It appears that after October 16, 1968, the plaintiff used the truck. A few days later, on October 20, 1968, the truck was brought in for repairs on the brakes. The plaintiff's own words were "The brakes never worked right." This evidence indicates that the truck was in use between October 16 and October 20, 1968. The plaintiff's testimony is uncertain but it is clear that the truck was used after October 20, 1968, because on October 25, 1968, it was towed to the defendant's garage for the repair of the brakes again. After that day, October 25, 1968, the truck was again used by the plaintiff and thereafter was traded off. The exact testimony in this respect by the plaintiff is as follows: "Q. Then how long did you have it after they fixed it that time? A. A couple days or maybe a day. The brakes - I finally took the truck over to Spring Service, and they couldn't even fix the brakes. I finally got rid of the truck." It appears from the evidence that if the truck was out of service after October, it was because the plaintiff no longer owned it or because the brakes did not work. Without going into further detail, we conclude that the only possible proof of loss of use is for the period of time between October 16, 1968, through October 29, 1968. But it is equally clear there is absolutely no evidence in the record that would support a conclusion the truck was out of service during that period of time because of any fault of the defendant or because of an inoperative transmission. No evidence was presented in the case that anyone worked on the transmission *at any time*, but it is clear that if after October 16, 1968, the truck was out of service be-

cause of a bad transmission, there would be evidence that someone repaired it or someone requested the repair for it. As we have pointed out the only testimony as to repairs during this period of time was with relation to the brakes. The plaintiff's own evidence showed the truck was in use at least a part of the time between October 16 and the time when he traded it off. Moreover, the plaintiff conceded on cross-examination that the truck was traded to the International Harvester and stated "they tried to put brakes on it. They couldn't do it, and they got rid of the truck 'as is.' " The only reasonable inference to be drawn from the plaintiff's testimony as a whole is that the 1960 truck was out of service for the period of time it was, because of bad brakes.

The controlling principle of law applicable to the evidence in this case has recently been stated by this court as follows: "A verdict should be directed if the evidence is undisputed or if the evidence, even though conflicting, is so conclusive that it is insufficient to justify a verdict or sustain the judgment." Stewart v. Ritz Cab Co., 185 Neb. 692, 178 N. W. 2d 577. Our court has said many times that in every case, before the evidence is submitted to the jury, there is a preliminary question for the court, not whether there is literally no evidence, but whether there is any upon which a jury can proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed. Where an issue even assuming it is properly pleaded, affords no basis for recovery under the evidence actually introduced in the case, the trial court's submission of such an issue to a jury constitutes error. Baker v. Daly, 188 Neb. 156, 195 N. W. 2d 755.

The trial court found as we do that the plaintiff, under the pleaded issue presented in this case, utterly failed to meet the requisite burden of proof placed upon him by his own petition. There is no evidence to support the cause of action alleged in his petition which

was for the loss of use from the negligent repair of the transmission of his truck.

The judgment of the district court is correct and is affirmed.

AFFIRMED.