GEORGE F. SWARTZ, APPELLEE, V. ROBERT ANTHONY
TOPPING, APPELLANT.
213 N. W. 2d 718

Filed January 4, 1974.  No. 38963.

Harold W. Kauffman and Eugene P. Welch of Gross,
Welch, Vinardi, Kauffman, Schatz & Day, for appellant.

Dana C. Bradford and Richard J. Coenen of Bradford
& Bloch, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The plaintiff was injured in an automobile-pedestrian accident on August 2, 1970. He was attempting to cross Capitol Avenue in Omaha, Nebraska, when he was struck by an automobile operated by the defendant. The defendant appeals from a verdict and judgment in favor of the plaintiff in the amount of $38,600.

The accident happened at about 1 a.m., while it was raining. The plaintiff intended to cross Capitol Avenue on the east side of Eighteenth Street. Capitol Avenue is 84 feet wide at that place. The plaintiff testified he could see no traffic in either direction when he started across Capitol Avenue in the cross-walk. After he had started to cross Capitol Avenue he heard the car coming and turned toward the car just as he was hit. The point of impact was 15 to 18 feet south of the north curbline of Capitol Avenue, approximately halfway across the westbound traffic lanes. A police officer testified the defendant told him the accident occurred about even with the east curbline of Eighteenth Street.

The defendant contends the plaintiff was guilty of contributory negligence as a matter of law sufficient to bar his recovery. The contention is based upon the plaintiff's admission that he failed to see the defendant's automobile before the accident and other evidence which indicated the plaintiff was not in the crosswalk when the impact occurred.

The evidence was in conflict as to where the accident happened, but the jury could have found that the impact occurred in the crosswalk. Ordinarily, the failure of a pedestrian with the right-of-way to see an approaching car within the limit of danger is not contributory negligence as a matter of law. Baker v. Daly, 188 Neb. 156, 195 N. W. 2d 755; Zawada v. Anderson, 181 Neb. 467, 149 N. W. 2d 329; Beck v. Trustin, 177 Neb. 788, 131

N. W. 2d 425. We conclude the trial court was correct in submitting the issue of contributory negligence to the jury.

The defendant further contends the plaintiff is bound by a release executed and delivered by the plaintiff to a representative of the defendant's insurer and is barred from any further recovery against the defendant.

The release was executed by the plaintiff on September 1, 1970, while he was in the hospital. The release is entitled "Final Release of all Claims" and acknowledges the receipt of $500 in full settlement and satisfaction of all claims of the plaintiff against the defendant arising out of the accident of August 2, 1970.

The plaintiff's amended reply alleged the release had been procured by misrepresentation and fraud; the consideration for the release was inadequate; and the minds of the parties did not meet. The trial court submitted the validity of the release to the jury upon the issue of mutual mistake and instructed the jury that grossly inadequate consideration might be considered, with other circumstances, as tending to show the plaintiff was overreached and the minds of the parties did not meet. The defendant contends there was no issue of mutual mistake under the pleadings and the evidence and the release was valid as a matter of law.

To avoid a written release of damages for personal injuries on grounds of mutual mistake of the parties, the mistake must relate to facts that are material to the contract of settlement and not to an opinion as to future conditions as the result of present known facts. Simpson v. Omaha & C. B. St. Ry. Co., 107 Neb. 779, 186 N. W. 1001; La Rosa v. Union P. R. R. Co., 142 Neb. 290, 5 N. W. 2d 891. In the usual case the controversy relates to the nature and extent of injuries sustained in the accident.

In this case the release was executed approximately 1 month after the accident happened. The plaintiff had

sustained a comminuted fracture of the left jaw, a comminuted fracture of the left knee, and a comminuted fracture of the right femur. His left patella had been removed 3 days after the accident and an open reduction performed on the right femur. The nature and seriousness of his injuries were apparent and the plaintiff does not contend otherwise.

The plaintiff claims he did not understand the nature of the transaction and thought he was signing a "receipt" for the $500 which was paid to him. The plaintiff admits, however, that even without glasses he could read the heading at the top of the release which was in bold type and read: "Final Release of all Claims." The rule is well established that a party who has the capacity and opportunity to read a release of claims for personal injuries but fails to do so is estopped by his own negligence from claiming that the release is not binding on him. Osborne v. Missouri P. Ry. Co., 71 Neb. 180, 98 N. W. 685.

The consideration for the release that was paid to the plaintiff by the defendant's insurer was grossly inadequate if the case is considered as one of clear liability. The plaintiff had been hospitalized for 30 days when the release was executed and his medical and hospital expenses alone to that time were very substantial.

The defendant's insurer, however, considered the case as one of no liability. There was substantial evidence which indicated the impact had not occurred in the crosswalk and the fact that the jury eventually found for the plaintiff does not establish that the case should have been considered as one of clear liability at all times.

Mere inadequacy of consideration alone is generally not considered to be a ground upon which a release may be avoided. See 66 Am. Jur. 2d, Release, § 11, p. 685. It is a factor which may be considered along with other circumstances. See Armbruster v. Stanton-Pilger Drainage Dist., 169 Neb. 594, 100 N. W. 2d 781.

This is a case in which an injured party entered into what proved to be an improvident settlement. However, private litigants are not required to seek the advice of counsel before they enter into binding contracts.

There was no competent evidence of a mutual mistake of fact which would afford a basis upon which the release could be avoided. The judgment is reversed and the cause remanded with directions to dismiss the action.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

SMITH, J., dissents.