## LUTHER HUMBER, APPELLEE, V.
## GIBREAL AUTO SALES, INC., APPELLANT.

298 N.W.2d 363

Filed November 7, 1980. No. 43076.

Steven M. Watson and Timothy J. Cuddigan of Marks, Clare, Hopkins, Rauth & Cuddigan for appellant.

Martin Wm. Penkwitz of White, Lipp, Simon & Powers and James P. Costello of Costello & Dugan for appellee.

Heard before BOSLAUGH, BRODKEY, and WHITE, JJ., and CASE and GARDEN, District Judges.

BOSLAUGH, J.

This was an action under Neb. Rev. Stat. § 45-344 (Reissue 1978), arising out of the sale of an automobile to the plaintiff by the defendant. The plaintiff alleged that on or about April 10, 1974, he purchased a 1973 Ford Thunderbird automobile from the defendant for an agreed price of $5,000. The plaintiff paid down $1,000 in cash and signed a "lease" agreement providing for payments of $165 per month for 36 months. The plaintiff sought to recover all of the time price differential in excess of the amount allowed by law; the first $1,000 of the time price differential; and the first $4,000 of the principal of the contract.

The defendant alleged that the agreed price for the automobile was $5,900 and that the plaintiff had executed a release of all claims against the defendant on May 30, 1976.

The trial court found generally for the plaintiff; that the contract between the parties was an installment sale and not a lease; that the time price differential of $1,940 exceeded the maximum differential allowed by law which was $964.40; and that the excess was not the result of accident or bona fide error. The plaintiff recovered judgment in the amount of $975.60 as excess time price differential; $964.40 as the authorized portion of the first $1,000 of time price differential; and $4,000 as the first $4,000 principal of the contract. The defendant has appealed.

The record fully sustains the finding of the trial court as to the nature of the contract between the parties. To the extent the evidence was in conflict, it presented questions for the trier of fact. The testimony of the plaintiff was sufficient, if believed, to establish the nature of the contract and the agreed price. The time price differential was established by the "lease" agreement.

The remaining issue relates to the "Receipt and Release" executed by the plaintiff on May 30, 1976.

After this action had been commenced and a summons had been served upon the defendant corporation, Gilbert Gibreal, the owner of the defendant, secured the plaintiff's signature to an instrument purporting to compromise all claims of the plaintiff in this action for the sum of $5. According to the testimony of the plaintiff, the consideration for the release was to be the certificate of title to the 1973 Ford Thunderbird automobile. Gibreal testified that the consideration was $5 which was paid and the certificate of title to a 1963 Fairlane automobile the plaintiff was purchasing from the defendant.

The plaintiff denied signing the release and claimed he had signed some document in which the defendant

agreed to "straighten out" his contract for the purchase of the Thunderbird automobile. The record shows that when Gibreal approached the plaintiff concerning the release agreement Gibreal offered $5 and the title to the 1963 automobile as consideration. The plaintiff was willing to sign the release if the transfer of title to the 1973 Thunderbird was included in the consideration. The plaintiff testified Gibreal agreed to give him the certificate of title to the Thunderbird automobile although the release merely stated "$5 and other consideration."

It is undisputed that the plaintiff never received a certificate of title to the Thunderbird automobile. The defendant claims this was because the plaintiff pledged the Thunderbird automobile as security for a boat leased from the defendant on May 14, 1976. If the plaintiff's testimony is believed, Gibreal agreed on May 30, 1976, to deliver the certificate of title to the Thunderbird free and clear of all liens.

The trial court found that the release was not binding on the plaintiff because the consideration was inadequate and there was failure of consideration. Although mere inadequacy of consideration alone is generally not a ground upon which a release may be avoided, it is a factor which may be considered with other circumstances. *Swartz v. Topping*, 191 Neb. 41, 213 N.W.2d 718 (1974). The $5 paid to the plaintiff and the certificate of title to the 1963 automobile was not substantial consideration for a release of the plaintiff's claim against the defendant.

The defendant's failure to transfer the title to the Thunderbird automobile amounted to a failure of consideration which barred enforcement of the release agreement. "Where a release has to be supported by a consideration, total failure of the consideration will enable the releasor to avoid the release." 66 Am. Jur. 2d *Release* § 13 (1973). "[W]here there is a total failure of consideration and the defendant has derived no benefit from the contract or none beyond the amount

of money which he has already advanced, such total failure of consideration may be shown in bar of the action. . . . A failure of consideration of such a degree that the remaining consideration may be deemed to be no substantial consideration is an excuse for nonperformance of a promise." *Cotner College v. Estate of Hester*, 155 Neb. 279, 288-89, 51 N.W.2d 612, 618 (1952).

The trial court ordered the defendant to deliver the certificate of title to the Thunderbird automobile to the plaintiff. Since there is nothing due the defendant on the contract of sale, and the release was not binding on the plaintiff, the judgment was correct.

There being no error, the judgment is affirmed.

AFFIRMED.