**Frank SVOBODA, d/b/a Circle Rain Irrigation Company, Appellee,**

v.

**BOWERS DISTILLERY, INC., Appellant.**

**No. 83–1826.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1984.

Decided Oct. 9, 1984.

Robert B. Anderson, Pierre, S.D., for appellant.

Richard Johnson, Sioux Falls, S.D., for appellee.

Before LAY, Chief Judge, HEANEY and BOWMAN, Circuit Judges.

PER CURIAM.

Frank Svoboda, d/b/a Circle Rain Irrigation Co., sells and installs irrigation systems in Nebraska and adjacent states. In 1976 he became an authorized dealer for the Pierce Corporation (Pierce) of Eugene, Oregon, a manufacturer of irrigation systems. Bowers Distillery, Inc. (Bowers) is a distiller of mint oil used as flavoring in toothpaste, gum, and other products. In the fall of 1979, Bowers began to relocate its mint-growing operations from Oregon to South Dakota and asked Pierce to submit a bid on a Pierce Circle Master system sufficient to irrigate a 3850-acre tract of land Bowers had acquired near Pierce along the Missouri River. Pierce's regional manager referred the matter to Svoboda, who developed a detailed plan for the tract in question. Bowers rejected this plan in March 1980, but the lines of communication between Svoboda and Bowers remained open. On April 9, 1980, after consulting with an engineering firm in Grand Island, Nebraska and after spending several days completing the proposal at Pierce head-

quarters in Oregon, Svoboda submitted to Bowers a detailed bid for the irrigation project.

Svoboda brought this action for damages for breach of contract in the District Court for the District of South Dakota, basing jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332. Svoboda contended that Bowers had accepted his proposal on April 9, 1980, but had notified him later that month that the contract was being taken away from him. At the close of Svoboda's evidence, Bowers moved for a directed verdict. Fed.R.Civ.P. 50(a). The District Court[1] denied the motion. The jury found Bowers in breach of contract and awarded Svoboda $52,500. Bowers then moved for judgment notwithstanding the verdict. Fed.R.Civ.P. 50(b). The District Court denied this motion as well. The sole question on appeal is whether the District Court erred in denying these motions. We hold that it did not.

■■■ The propriety of granting a motion for directed verdict or for judgment notwithstanding the verdict is determined by the same standard both in the trial court and on appeal. Such motions are to be granted only when the nonmoving party has presented insufficient evidence to support a jury verdict in his favor. *Hauser v. Equifax, Inc.,* 602 F.2d 811, 814 (8th Cir. 1979). In deciding this question, we must view the evidence in the light most favorable to the nonmoving party without assessing credibility. The nonmoving party is entitled to the benefit of all inferences which may be drawn from the evidence without engaging in speculation. *Id.*

Bowers contends that the evidence presented at trial was insufficient to allow the jury to find the existence of a contract between Svoboda and Bowers. In support of this proposition, Bowers makes several arguments.

First, Bowers contends that, while a letter Bowers had written Svoboda in which

Bowers confirmed the "selection of Pierce Corporation" for the irrigation system may indicate the existence of an agreement between Bowers and Pierce, no mention is made of any agreement between Bowers and Svoboda. Without such mention, Bowers argues, there was not sufficient evidence for the jury to find a contract between Bowers and Svoboda. We do not agree with this contention.

■■■ Svoboda testified at trial that Pierce had forwarded Bowers' request for price information on a Pierce system to him. Bowers thereafter negotiated with Svoboda for a favorable price on an installed irrigation system. On April 3, 1980, Bowers' president told Svoboda that Bowers needed to know which system it was going to purchase by April 10, 1980. Svoboda therefore submitted a detailed proposal to Bowers on April 9, 1980, under which Pierce was to provide the irrigation system and Svoboda was to install it. The proposal documents, on Pierce stationery, were admitted into evidence without objection. They contain an exhaustive list of Pierce parts and systems Circle Rain Irrigation intended to use on the project, and state that the final installed price is a Circle Rain Irrigation quotation. Svoboda stated that Bowers' president reviewed the detailed proposal and then shook Svoboda's hand and told him he had a contract. On April 9, 1980, Bowers' president wrote a letter addressed to Svoboda confirming the selection of Pierce for the project. Svoboda's testimony, the proposal documents, and Bowers' letter clearly constitute sufficient evidence from which the jury could find the existence of a contract between Bowers and Svoboda. *See Farmers Co-op Elevator v. Lemier,* 328 N.W.2d 833, 834–37 (N.D.1982); *Humber v. Gibreal Auto Sales, Inc.,* 207 Neb. 286, 298 N.W.2d 363, 365 (1980); *see also* S.D. Codified Laws §§ 57A–2–204, –207.[2]

---

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

2. Bowers also argues that its letter to Svoboda does not identify Svoboda as a party to the contract and therefore is not a writing sufficient to satisfy the Statute of Frauds. Based upon our review of the record, we believe this argument to have no merit. We need not address it,

In a similar argument, Bowers contends that language in the April 9, 1980 letter from Bowers to Svoboda indicates that the question of who was ultimately to hold the title to the irrigation system had not been answered at the time Svoboda insists the contract was made. The letter states that as "discussed this morning, we will arrive at a decision as to the method of financing, on or before June 30, 1980." The parties had discussed a number of possible means whereby Bowers might finance the purchase and installation of the irrigation system. These financing options included, in addition to a direct sale from Svoboda to Bowers, a leasing arrangement in which a third party leasing corporation would purchase the irrigation system from Svoboda at Bowers' direction and lease the system to Bowers in return for periodic payments. Bowers also cites language from Svoboda's deposition which indicates that Svoboda knew that neither he nor Pierce would be the leasing corporation. Bowers concludes from this that the evidence fails as a matter of law to show who the parties to the contract were. We disagree.

Svoboda testified that there was a contract between Bowers and himself for the sale of the system and its installation on Bowers' tract in South Dakota. His testimony that he did not know the identity of, and that he would not be, the leasing corporation does not contradict his testimony that there was a contract. It is entirely consistent for Svoboda to take the position that there was a completed contract between Bowers and himself on the one hand, while maintaining on the other hand not to know the identity of the parties involved in the financing aspect of the transaction or the precise nature of their relationship to Bowers.

Bowers' next argument uses the same language in the letter from Bowers to Svoboda in a different manner. Bowers contends that because the various options available to it included buying the system outright or leasing it from an independent leasing company that would first buy the Pierce system installed by Svoboda and because there was not necessarily to be a direct sale to Bowers, the letter written by Bowers to Svoboda evidenced nothing more than an agreement to agree. This argument states a correct premise, but the conclusion is a non-sequitur.

Whether a given agreement is intended to have presently binding effect or is merely an agreement to agree is to be determined by the trier of fact from all the evidence presented. *See Warrior Constructors, Inc. v. International Union of Operating Engineers Local 926*, 383 F.2d 700, 708 (5th Cir.1967) (citing 1 Corbin on Contracts, § 30, at 97); *see also NLRB v. Haberman Construction Co.*, 618 F.2d 288, 294 (5th Cir.1980). We have carefully reviewed the record in this case and find that there was sufficient evidence for the jury to have determined that Bowers had promised to pay an agreed upon amount of money to purchase an agreed upon Pierce irrigation system to be installed by Svoboda on Bowers' land, with only the question of how Bowers would finance the acquisition and structure it for tax purposes as yet undetermined. On the record before us, we cannot say that this issue was improperly submitted to the jury nor can we say that the jury erred in finding in Svoboda's favor.

We have considered Bowers' other contentions and find them to be without merit.

The judgment on the jury verdict is affirmed.

---

however, because Bowers did not preserve this issue for appellate review by raising it in either the motion for a directed verdict or the motion for judgment notwithstanding the verdict. Accordingly, the issue has been waived and is not properly before us.