THEODORE PROSOSKI AND JAMES DUBAS, APPELLANTS, V. COMMERCIAL NATIONAL BANK AND TRUST COMPANY, GRAND ISLAND, NEBRASKA, A CORPORATION, ET AL., APPELLEES.

365 N.W.2d 427

Filed March 29, 1985.   No. 84-685.

Philip T. Morgan of Morgan & Morgan, for appellants.

Patrick L. Neid of Lauritsen, Baker & Brownell, for appellee Commercial National Bank.

Judith A. Spindler of Dixon Dixon & Minahan P.C., for appellee Bank of Burwell.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

Theodore Prososki and James Dubas appeal from an order entered by the district court for Garfield County, Nebraska,

dismissing their petition. We affirm.

The appellants filed a petition in the district court for Garfield County, Nebraska, alleging that they had delivered 494,230 pounds of popcorn to Tyler Popcorn Co., Inc., of Chapman, Nebraska (Tyler), and at that time were advised by Tyler that it could not pay for the delivered popcorn. Appellants further allege that instead of removing the popcorn, they left it in storage with Tyler and received a receipt from Tyler.

The petition then alleges that Tyler filed a petition in bankruptcy and was thereafter adjudicated a bankrupt. Appellants further allege that when they were unable to obtain possession of the popcorn from the trustee in bankruptcy by merely showing their receipt, they filed an adversary proceeding with the bankruptcy court. The proceeding was dismissed by the bankruptcy court on the basis that the appellants did not have standing to file such a proceeding. Appellants' petition then alleges that the bankruptcy court authorized and directed the trustee to pay out the proceeds of the sale of the assets of Tyler, including the popcorn previously delivered by appellants, to the Commercial National Bank and Trust Company of Grand Island, Nebraska, and the Bank of Burwell, Burwell, Nebraska. By their prayer appellants seek to recover from the appellee banks $64,249.90, the amount they would have received from the sale of the popcorn to Tyler.

To this petition each of the appellees filed a motion to make more definite and certain, which was sustained by the district court. The appellants then filed an amended petition which essentially repeated all of the allegations of the original petition except that the amended petition contained certain additional facts added pursuant to the motions to make more definite and certain. To this amended petition the appellees filed demurrers. The district court sustained the demurrers, and when appellants refused to plead further, the district court sustained motions filed by the appellees asking to have the action dismissed.

To suggest that the amended petition would not serve as a model for pleading in cases of this nature is to give the petition all of the benefits which can be granted to it. A reading of the petition fails to disclose under what legal theory the appellants

sought recovery against the appellees. The petition contains no allegations concerning fraud. We must therefore conclude that if appellants alleged any cause of action, it was in some manner an action seeking to recover the value of the popcorn on a theory of conversion. As we have already indicated, it is not easy to reach that conclusion by a simple reading of the amended petition. We do so, however, because even if we assume the amended petition was based upon a theory of conversion, the amended petition was subject to a demurrer. A conversion is any distinct act of dominion wrongfully asserted over another's property in denial of or inconsistent with that person's rights. See *B. E. Implement Co. v. Valley Farm*, 216 Neb. 269, 343 N.W.2d 892 (1984). In the instant case, however, the amended petition alleges that it was the trustee in bankruptcy who sold the property and delivered the proceeds to the appellees herein and that such action was done pursuant to order of the bankruptcy court. That would not appear to constitute an act of conversion by the appellees. They are simply the recipients of a court-directed payment.

Furthermore, if the bankruptcy court was in error either in refusing to allow appellants to file an adversary proceeding or in ordering the proceeds of the sale paid to the two banks, the appropriate procedure to test those questions was by appeal to the U.S. District Court for the District of Nebraska and not by filing an independent action in a state district court. See 28 U.S.C. § 1334 (1982).

The most serious defect, however, in appellants' amended petition is its failure to allege facts sufficient to bring the appellants within the provisions of 11 U.S.C. § 546(c)(1) (1982) or the law regarding conversion. Those subsections provide:

(c) The rights and powers of the trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory right or common-law right of a seller, in the ordinary course of such seller's business, of goods to the debtor to reclaim such goods if the debtor has received such goods while insolvent, *but—*

(1) such a seller may not reclaim any such goods unless such seller *demands in writing* reclamation of such goods before *ten days* after receipt of such goods by the debtor.

(Emphasis supplied.)

There is no allegation in the amended petition that appellants made demand in writing within the 10-day period. Having failed to make such demand, it is clear that the property became the property of the bankrupt estate and subject to the orders of the bankruptcy court. In *Pinkerton v. Leonhardt*, 184 Neb. 430, 168 N.W.2d 272 (1969), we said: "In an action for conversion the plaintiff must allege facts showing a right to immediate possession of the property at the time of the conversion." (Syllabus of the court.) Where, as here, a petition fails to plead actionable facts, it is subject to a general demurrer. See, Neb. Rev. Stat. § 25-806 (Reissue 1979); *Johnson v. Ruhl*, 162 Neb. 330, 75 N.W.2d 717 (1956). The district court correctly sustained the demurrers filed by the appellees and, when appellants refused to plead further, properly sustained the motions to dismiss thereafter filed by the appellees.

AFFIRMED.

GRANT, J., not participating.

SHANAHAN, J., concurs in the result.