**JOHN DEERE COMPANY, Appellant,**

v.

**F.L. BROOMFIELD, Appellee.**

No. 85–2242.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1986.

Decided Oct. 10, 1986.

Rehearing Denied Nov. 6, 1986.

Paul Miller, Texarkana, Tex., for appellant.

Nelson V. Shaw, Texarkana, Ark., for appellee.

Before ROSS, McMILLIAN and BOWMAN, Circuit Judges.

ROSS, Circuit Judge.

John Deere Company (Deere) brought suit against F.L. Broomfield on a promissory note. The note was signed by Broomfield in connection with a deal for a tractor between Broomfield and Eddie Blackmon, d/b/a Blackmon Machinery Company (Blackmon), a John Deere dealer. A jury in the district court found by special interrogatories that: 1) Deere did not give consideration for the note; 2) Deere did not take the note for value; 3) Deere did not take the note in good faith; 4) Deere did not take the note without claim or defense to the note by Broomfield; 5) Broomfield was not in default on the note; 6) Blackmon was an agent of Deere and acting within the scope of authority in executing the note; and 7) Deere, through Blackmon, acted fraudulently in its relationship with Broomfield. The trial judge denied Deere's motion for directed verdict and alternative motion for judgment notwithstanding the verdict and entered judgment based on the jury's findings. We reverse.

## I. Background

In March 1983, Blackmon approached Broomfield, a farmer, about an arrangement whereby Broomfield could obtain a tractor. Blackmon allegedly told Broomfield that if Broomfield would sign a note for the tractor, Broomfield could use the tractor without cost, and Blackmon would make the payments on the note. In connection with their agreement, Broomfield signed a loan contract and promissory note to Deere. The note was for the purchase of a new tractor, and reflected a downpayment of $18,000 and a principal balance due of $20,000. No downpayment was actually made. Broomfield admitted at trial that he signed the note although he knew that the transaction was not a "proper deal." Broomfield understood that the note would be sent to Deere, and if accepted, Deere would pay $20,000 to Blackmon. Further, Broomfield understood that the note obligated him to pay Deere on the note.

Blackmon never delivered the tractor to Broomfield. Further, Blackmon made no payments on the note, and went into receivership two months after the note was signed. At some point Broomfield had received a letter from Blackmon which stated that Blackmon was in possession of the tractor and that Blackmon was responsible

for paying the note. A Deere representative, investigating Blackmon's activities, went to Broomfield's farm and discovered that Broomfield did not have the tractor. Broomfield gave the Deere representative the letter from Blackmon. Deere subsequently brought suit against Broomfield for default, two months before the first payment was due on the contract, because Deere deemed that its security was unsafe.

On appeal, Deere alleges that the district court erred in failing to grant Deere's motion for a directed verdict because Broomfield failed to contradict Deere's prima facie evidence for recovery on the note, namely that Deere was the owner and holder of the note which Broomfield had signed, Deere had given consideration for the note, and Broomfield had defaulted. Further, Deere asserts that Broomfield had contractually waived any of its affirmative defenses against Deere, and that Blackmon was not Deere's agent. In the alternative, Deere asserts that there was insufficient evidence to support the jury's findings.

## II. Discussion

### A. Deere as holder of note.

■ Broomfield argues, and the jury found, that Deere should not recover on the note because there was a failure of consideration. Broomfield contends that his bargained-for consideration was the tractor, which he never received. We disagree. Consideration is either a benefit to the person making the promise or a detriment to the person to whom the promise is made. Consideration need not move from the person promising, but may move to a third person. *Quattlebaum v. Gray*, 252 Ark. 610, 611–12, 480 S.W.2d 339, 341 (1972). Payment made to a third person at the promisor's request constitutes consideration. 1 S. WILLISTON, A TREATISE ON THE LAW OF CONTRACTS § 113 (3d

ed. 1957). In the present case, the $20,000 loan proceeds which Deere paid to Blackmon at Broomfield's request served as consideration for Broomfield's promise to pay on the note. Likewise, Deere took the note for value.

■ Deere also contends it took the note in good faith and without notice of any claims or defenses to the note by Broomfield. Although the dealership agreement between Blackmon and Deere gave Deere access to Blackmon's records, there was no evidence presented that Deere knew that Blackmon was experiencing financial problems. Further, although the fact that Blackmon hand delivered the note to Deere for approval may have indicated that he was in a hurry to get the money, there was evidence that Blackmon previously had hand delivered notes for Deere's approval. Moreover, "suspicious circumstances surrounding a transaction are not sufficient to defeat good faith." *United States v. Mark Twain Bank—Kansas City*, 771 F.2d 361, 365 (8th Cir.1985) (citations omitted) (applying Missouri law). Additionally, Deere had no knowledge that Broomfield had not taken delivery of the tractor when it received the note. Therefore, Deere took the note in good faith and without notice of any claims by Broomfield.

■ Deere further asserts, and we agree, that there was insufficient evidence for the jury to find that Broomfield had not defaulted on the loan. Although the first payment had not yet become due when Deere brought this action, the contract provided that default occurred when the holder deemed the debt or security to be unsafe. When Deere discovered that Broomfield did not have possession of the tractor which served as collateral for the note, it had sufficient cause to deem its security interest unsafe and find Broomfield in default on the note.[1]

---

1. In addition, Deere argues that Broomfield contractually waived any affirmative defenses he may have against Blackmon in an action by Deere. The promissory note signed by Broomfield provided:

The goods are held by me(us) [Broomfield] at my(our) risk and expense with no abatement in my(our) obligation on account of loss or damage. I(We) will settle all claims for any kind against SELLER [Blackmon Machinery Company] directly

## B. Agency

Having determined that Deere was a holder of the note, and that Broomfield was in default, we turn now to Broomfield's assertion that Blackmon was Deere's agent so that Deere is liable for Blackmon's fraudulent acts. Broomfield asserts that Blackmon was Deere's agent by estoppel and contends that the agency relationship was evidenced by several factors: Blackmon used the Deere logo in his business; Deere supplied Blackmon with promissory note forms; Blackmon sold new and used Deere equipment; Deere had a right to review Blackmon's books; and Deere and Blackmon had entered into an agreement called the "1982–83 John Deere Agricultural Dealer Agreement" which set forth specific obligations of the two parties.

■ Under the agency by estoppel theory, a party cannot hold out a person as its agent and then disclaim responsibility for his acts. *S.S. Silberblatt, Inc. v. Seaboard Surety Co.*, 417 F.2d 1043, 1049 (8th Cir. 1969). This court has stated that "if the defendants by acts or conduct knowingly caused or permitted [an individual] to appear as their agent to the injury of plaintiffs and plaintiffs dealt with [the individual] in good faith and in the exercise of reasonable prudence on their part the defendants are estopped to deny the agency." *Aetna Insurance Co. v. Eisenberg*, 294 F.2d 301, 308 (8th Cir.1961) (quoting *Hawkins v. Merrill, Lynch, Pierce, Fenner & Beane*, 85 F.Supp. 104, 120 (W.D.Ark. 1949)).

■ In *Eisenberg*, this court determined that an insurance company was estopped to deny that a furrier whom the company had authorized to issue insurance policies on its behalf was its agent. *Id.* However, the facts of this case compel a different result than *Eisenberg*. In *Eisenberg*, the court found that the furrier had authority to bind the company in insurance contracts. Further, the court found that the insurance company had been in a position to discover and prevent the fraud practiced by the furrier.

In the present case, on the other hand, Blackmon was not in authority to bind Deere to contracts. Rather, all contracts had to be approved by Deere. Further, the dealer agreement between Deere and Blackmon specifically provided: "The Dealer is not an employee, agent or representative of the Company for any purpose other than giving the Company's warranty as provided in Section 8; he has no other authority to bind the Company by any representations, statements, agreements, or in any manner whatsoever."

The lack of an agency relationship is further supported by the fact that Blackmon's customers who purchased Deere products were not required to finance through Deere, and in fact used several different financial institutions.

■ More importantly, Broomfield cannot rely on an agency by estoppel theory because he did not deal with Blackmon "in good faith and in the exercise of reasonable prudence." Broomfield admitted that he thought the transaction whereby he would get use of a tractor at no cost was not "proper." In *Eisenberg, supra,* 294 F.2d at 308, this court recognized the Arkansas rule of law that "if one of two innocent parties must suffer, the one who put it in the power of a third person to perpetrate the fraud should suffer the loss." (Citations omitted.) In this case, Broomfield put Blackmon in the position to perpetrate fraud by signing a promissory note, knowing that the figures thereon were false and believing the transaction improper.

## III. Conclusion

Therefore, we determine that the evidence was conclusive that Deere was enti-

with SELLER and I(we) will not use any such claim as a defense, setoff or counterclaim against any effort by the holder to enforce this contract.

However, this court will not consider the issue of waiver as it was not raised in the trial court. *See Svoboda v. Bowers Distillery, Inc.,* 745 F.2d 528, 530 n. 2 (8th Cir.1984) (per curiam).

tled to recover on the note. The judgment of the district court is reversed, and remanded for a computation of damages.