**Patrick C. LEMMERS, Plaintiff,**

v.

**HART SCHAFFNER & MARX, Defendant.**

No. CV 85–0–1033.

United States District Court, D. Nebraska.

Feb. 26, 1987.

Patrick C. Lemmers, Omaha, Neb., pro se.

McGill, Koley Law Firm, Robert L. Lepp, Omaha, Neb., for defendant.

## MEMORANDUM

BEAM, Chief Judge.

This matter is before the Court upon the motion of defendant, Hart Schaffner & Marx (HSM), for a directed verdict of dismissal. The motion was made after the plaintiff, Patrick C. Lemmers, had rested his case-in-chief. The Court finds that the motion should be sustained and the action dismissed.

Plaintiff's action is based upon the tort of interference with the terms and conditions of a contract. Plaintiff, Patrick C. Lemmers, alleges that he had entered into an oral contract with Jerry Ryan in which Ryan agreed to purchase plaintiff's interest in Lemmers & Ryan, Inc., a men's clothing business. Plaintiff further alleges that HSM, through Jerome Dorf, an HSM corporate officer, caused Ryan to breach the agreement and forced plaintiff to sign a

second, less advantageous, contract with Ryan.

The parties agree that the oral contract, if any, had to have been entered into on November 2, 1982, in order for plaintiff's cause of action to be viable. This is true because Ryan traveled from Omaha to Chicago early on the morning of November 3, 1982, and the alleged tortious conduct occurred on November 3.

The parties disagree on whether contract formation is a question of law for the Court to decide or an issue of fact for the jury. Defendant cites *Neff v. World Publishing Company*, 349 F.2d 235, 252–53 (8th Cir.1965) for the proposition that in Nebraska, a determination of whether the acts of the parties have resulted in the formation of a valid contract is a legal issue for the Court and not a factual issue for the jury. Plaintiff, on the other hand, contends that whether the acts of the parties are intended to be a binding agreement or merely an agreement to agree is a question of fact for the jury. *Svoboda v. Bowers Distillery, Inc.*, 745 F.2d 528, 531 (8th Cir.1984). *See also MeGarry Brothers, Inc. v. United States*, 404 F.2d 479, 483 (8th Cir.1968). If a question of law, the Court finds that contract formation did not occur on November 2, 1982.

The Court has, however, also considered the motion as though the contract formation issue is a question of fact for the jury. In evaluating the evidence in this context, the Court must view it in the light most favorable to plaintiff, resolve conflicts for the plaintiff, assume as true all facts tending to support the plaintiff and give plaintiff the benefit of all reasonable inferences of fact. *J.E.K. Industries, Inc. v. Shoemaker*, 763 F.2d 348, 353 (8th Cir.1985). "However, a mere scintilla of evidence is insufficient to present a question for the jury." *Id.* Plaintiff "is not entitled to unreasonable inferences [of fact] or inferences [of fact] at war with undisputed facts." *Williams v. Mensey*, 785 F.2d 631, 635 (8th Cir.1986).

The evidence, considered in a light most favorable to the plaintiff, is as follows:

1. Lemmers and Ryan had discussed a separation of interests prior to November 2, 1982.

2. On November 2, 1982, the discussions resulted in a noon meeting with the corporate attorney at an Omaha restaurant.

3. As a result of the meeting, it was agreed that Ryan would purchase the stock of Lemmers for $150,000.00 cash on an agreed upon closing date. Discussion was also had with regard to a non-competition agreement, a leased car, insurance policies and various other corporate and personal matters.

4. The lawyer returned to his office with the understanding that he should 'draft a proposed agreement upon which further discussions could proceed.

5. The lawyer drafted a document and held a meeting later in the day, November 2, 1982, with Lemmers and Ryan at which meeting each paragraph of the document was read and discussed. Upon completion of the discussion, Ryan urged Lemmers to sign. Lemmers found the document essentially satisfactory but wanted to confer with a lawyer before further activity occurred.

6. Later on the day of November 2, 1982, Lemmers conferred with a lawyer who proposed three minor changes in the proposal, an adjusted closing date, a provision for the corporate lawyer to hold the Lemmers stock pending the "pay-out" by Ryan and a modification in the non-competition language.

7. From the lawyer's office, Lemmers called Ryan and related the suggested modifications to him and upon hanging up the telephone Lemmers stated, "I think I have sold the company" (or words to that effect).

8. On November 3 or November 4, Lemmers' lawyer sent a letter to the corporate lawyer with a copy of the November 2 contract document upon which the changes referred to by Lemmers in his telephone call to Ryan had been interlineated.

9. The document prepared on November 2, 1982, with or without modification,

was never signed by either Lemmers or Ryan.

10. A check for $200.00 for earnest money given by Ryan to Lemmers on November 2, 1982, was never cashed by Lemmers.

Contrary to the corporate lawyer's understanding, as set forth in part 4 above, Lemmers contends that an oral agreement was consummated at the noon meeting. In the alternative, Lemmers claims that an oral contract was reached as a result of the telephone conference from his lawyer's office on the evening of November 2, 1982. He contends that his belief that he had an oral agreement and his statement upon hanging up the telephone, "I think I have sold the company," are sufficient evidence from which the jury could conclude that Ryan agreed to the proposed changes and agreed to consummate the contract over the telephone on the evening of November 2, 1982.

Ryan, of course, denies that he agreed to the changes or that he reached an oral agreement on November 2, 1982. Lemmers' lawyer also testified that by the end of the day on November 2, 1982, "There wasn't closure on the exact terms of the agreement."

While there may have been some evidence from which the trier of fact could find that an oral agreement was entered into on November 2, 1982, the Court concludes that there was not sufficient evidence for a reasonable jury to have found that such a meeting of the minds was reached on that date. Accordingly, plaintiff's proof failed upon an essential issue, the existence of a contract on November 2, 1982. Thus, the case must be dismissed. An order consistent with this Memorandum shall be entered this date.