C. L. KEIM & Co., PLAINTIFFS IN ERROR, V. P. O. AVERY AND W. C. KERN, DEFENDANTS IN ERROR.

1. **Usury.** Where a party contracts to pay 18 per cent interest upon a promissory note at the time of its execution and delivery, the contract will be tainted with usury, although the rate of interest is not expressed in the note.

2. ——: SURETY MAY PLEAD. A surety may plead as a defense to a promissory note, that usurious interest was agreed upon by the parties at the time of the execution of the note.

3. **Pleading:** AMENDMENT OF PLEADING. If a plea of usury is defective in its statement of facts, yet if testimony is introduced without objection, showing the existence of a contract for illegal interest, the court after verdict will permit the answer to be amended to conform to the facts proved.

4. **Practice:** SETTING ASIDE VERDICT. A verdict will not be set aside because a party was surprised by testimony which was merely cumulative, and which could not affect the result.

ERROR to the district court for Richardson county. Tried below before WEAVER, J. The facts appear in the opinion.

*Isham Reavis* and *A. R. Scott*, for plaintiffs in error.

1. Usury must be specially pleaded, and there must be no uncertainty with reference to the parties committing it. The answer in this case charges that the plaintiffs contracted for usurious interest, but does not state with whom. Unless the unlawful contract was made with the defendants, they cannot plead it in defense of this action. This proposition seems so clear, that authority is hardly necessary in support of it. And it avails the defendants nothing that the plaintiffs failed to take advantage of the defective pleading in the court below. The objection that a petition does not state facts sufficient to constitute a cause of action, or that an

answer does not state facts sufficient to constitute a cause of defense, may be urged at any time, or in any court.

2. To constitute the offense of usury there must be an agreement that he who has the use of the money shall pay the owner of it more than lawful interest, and none but privies or parties can take any advantage of this defense. *Sternburg v. Callanan*, 14 Iowa, 255. A plea of usury cannot be interposed by a party who is not privy to the contract in action. *Drake's Exr. v. Chandler*, 18 Grattan, 909. Usury laws are designed to protect the borrower from being obliged to pay more than the amount limited thereby for the loan or forbearance of money, and not to prevent the lender from receiving such excess from third parties who voluntarily undertake to pay it. *McArthur v. Schenk*, 31 Wis., 673. The defense of usury is personal to the borrower, his heirs or representatives. *Stephens v. Muir*, 8 Ind., 352. *Stein v. Association*, 18 Ind., 243. A verbal agreement, made contemporaneously with the execution of a promissory note for more than legal interest, the additional promise is nugatory. *Butterfield v. Kidder*, 8 Pick., 513.

*H. T. Hull*, for defendant in error.

The 18 per cent interest contracted for by the plaintiffs in this case was more than the maximum allowed by law, was usury, and may be pleaded by the defendants whether agreed upon by them directly or by their agent, or even if not known by defendants, and if they derived no advantage from the transaction. *Cheney v. White*, 5 Neb., 261. Where, by the terms of a contract between the lender and the borrower, if the lender receives or reserves or contracts for a greater rate of interest than the maximum allowed by law, such contract is affected

by the vice of usury (and it makes no difference whether the usurious interest is expressed in the terms of the instrument given for the payment of the debt created by the loan, or whether it is taken as a bonus, or is secured by any other corrupt agreement, device, or shift at the time of the contract), the whole transaction constitutes only one contract. *Gillmore v. Woolcock,* 13 Wis., 589. *Lear v. Yarnell,* 3 A. K. Marsh, 419. *Marshall v. Law,* 9 Conn., 65. *Bank U. S. v. Waggener,* 9 Peters, 399. *Richards v. Kountze,* 4 Neb., 206. The agreement, not the note, governs as to usury. *Sands v. Smith,* 1 Neb., 111. 8 Wend., 550. 13 Wend., 505.

MAXWELL, J.

The plaintiffs brought an action in the district court of Richardson County upon a promissory note, of which the following is a copy:

"$500.            FALLS CITY, NEB., Oct. 20th,1874.

"On the 20th day of December, 1874, we promise to pay to C. L. Keim & Co., or order, the sum of five hundred dollars, without defalcation, for value received, * * * payable at the Falls City bank, Falls City, Nebraska.

                              " P. O. AVERY,
                              " WM. C. KERN."

The note contained the following endorsement:

"C. L. Keim & Co. received on within January 21st, 1876, $500 (five hundred dollars)."

The defendants answered the petition of the plaintiffs alleging " that at the date and delivery of said note said plaintiffs contracted for eighteen per cent interest thereon from the date thereof until the payment thereof; that on January 21st, 1876, said defendants paid said note in the full sum of $500; that said plaintiff contracted for illegal and usurious interest on said note," etc.

No reply was filed to the answer. On the trial of the cause, the jury found a verdict for the defendants, on which judgment was rendered dismissing the case. The cause is brought into this court by petition in error.

The errors assigned are:

*First*, that the court erred in overruling the motion for a new trial. *Second*, that the answer tendered no issue. *Third*, that the court erred in rendering judgment in favor of defendants. *Fourth*, that the court erred in not granting a new trial. *Fifth*, that the court erred in not rendering judgment for the plaintiffs.

On the trial of the cause P. O. Avery, one of the defendants, on cross-examination, testified as follows:

Q. Did you promise to pay eighteen per cent on this note?

A. Well, I so understood it.

Q. I want a direct answer; "yes" or "no," whether you promised to pay eighteen per cent on this note?

A. Yes, sir.

C. L. Keim, one of the plaintiffs, called as a witness in their behalf, testified as follows:

Q. What interest did you contract for at the delivery of this note?

A. Eighteen per cent.

Q. Who was to pay the eighteen per cent?

A. The Association.

It appeared from the testimony in the case, that the money was loaned to the "Humboldt Patrons Association," and that the defendants were merely sureties. When the note became due, the interest thereon for 180 days was paid, and the time of payment extended. The only question at issue is, whether the contract was usurious or not.

Section five, of chapter 34, General Statutes, 446, provides that: "If a greater rate of interest than is hereinbefore allowed (12 per cent) shall be contracted for or

received, or reserved, the contract shall not therefore be void; but if, in any action on such contract, proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the plaintiff shall only recover the principal without interest, and the defendant shall recover costs; and if interest shall have been paid thereon, judgment shall be for the principal, deducting interest paid."

There appears to be no question about the rate of interest agreed upon in this case, one of the plaintiffs having testified that the rate was *eighteen per cent.*

A surety may plead as a defense to an action on a promissory note, that usurious interest was agreed upon by the parties at the time of the execution of the note. It is not necessary, to constitute usury, that the illegal interest be expressed in the note.

It is claimed that the answer of the defendant fails to set up a sufficient plea of usury to make an issue or constitute a defense. It appears from the bill of exceptions that the plaintiffs themselves proved the contract to be usurious. Such being the case, it would be the duty of the court (if necessary), to permit an amendment of the answer to conform to the facts proved. But the answer is sufficient, after verdict, to sustain the judgment.

A number of affidavits were filed in support of the motion for a new trial, showing that Avery had testified on a former trial that no rate of interest was agreed upon, and that, in consequence thereof, the plaintiffs were taken by surprise. The testimony of Avery was merely cumulative, and could not affect the result.

The judgment is clearly right, and must be affirmed.

JUDGMENT AFFIRMED.