EMMA M. PITMAN ET AL. V. ELBERT IRELAND.

FILED MAY 8, 1902.    No. 11,478.

Commissioner's opinion, Department No. 3.

Mortgagor: RIGHT OF INTERVENTION. A mortgagor who has conveyed lands by an unconditional deed of general warranty, is entitled to intervene for the purpose of pleading usury in an action to foreclose the mortgage.

ERROR from the district court for Sheridan county. Tried below before WESTOVER, J.    *Reversed.*

*Albert W. Crites,* for plaintiffs in error.

*W. W. Wood, contra.*

AMES, C.

Benjamin Lammers procured a loan from the Showalter Mortgage Company, a corporation, and to secure its payment executed and delivered his note and a mortgage on certain real estate.    By various mesne conveyances the lands were conveyed to the plaintiff in error Pitman, and by sundry mesne assignments the note and mortgage came to the defendant in error, Ireland.    Ireland brought this action to foreclose the mortgage, to which he made the holder of the title, Pitman, sole party defendant.    Lammers applied for leave to intervene for the purpose of pleading usury, and his motion was denied. He and Pitman bring the case here, assigning such denial for error.

In our opinion the application should have been granted. The pleadings show that Pitman acquired the land by an unconditional deed of general warranty, making no reference to the mortgage.    It is elementary law that when the grantee in such a conveyance is attacked by a claim which, if maintained, may divest him of his title, he has a right to "vouch" his warrantor, as it is called; that is, he may notify the latter of the pendency of the suit and

require him to come in and defend at his peril, if he fails so to do, of being concluded by its results in a subsequent action against him upon the covenants in his deed. Rawle, Covenants for Title, 228, *et seq.* Now the application of Lammers for leave to intervene, was intended to accomplish precisely this purpose, which was necessary as well for his protection as for that of his warrantee, and the latter not less than the former was entitled to have the amount of the incumbrance diminished by any lawful means, instead of being driven to his personal action upon his covenants.

It is recommended that the judgment of the district court be reversed, and the case remanded for further proceedings according to law.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the case remanded for further proceedings according to law.

REVERSED AND REMANDED.