GENERAL MOTORS ACCEPTANCE CORPORATION, A CORPORATION, APPELLEE, V. DONALD E. MACKRILL, APPELLANT.

122 N. W. 2d 742

Filed July 16, 1963.   No. 35438.

Bertrand V. Tibbels, for appellant.

Wright, Simmons & Hancock, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is a replevin action in which General Motors Acceptance Corporation, hereinafter referred to as plaintiff, alleges it has a special interest in a 1960 Chevrolet sedan pickup Biscayne by reason of being the assignee of a conditional sale contract entered into between Kizzier Chevrolet Company, a corporation, hereinafter referred to as Kizzier, and Donald E. Mackrill, hereinafter referred to as defendant. Defendant appeals from the overruling of a motion for a new trial after a judgment for the plaintiff for possession and costs.

On December 9, 1961, defendant purchased the car in question from Kizzier and signed what is designated as a conditional sale contract, obligating himself to pay a balance of $1,573.76. The financial part of the transaction is described in the conditional sale contract as follows: "Undersigned seller hereby sells, and undersigned buyer or buyers, jointly and severally hereby purchase (s), subject to the terms and conditions set forth below and upon the reverse side hereof, the following property, delivery and acceptance of which in good order are hereby acknowledged by buyer, viz.:

| New or Used | Year Model | No. Cyl. | Make Trade Name | Body Type If Truck, Give Tonnage | Model Number or Series | Manufacturer's Serial No. | Motor No. |
|---|---|---|---|---|---|---|---|
| used | 1960 | 8 | Chevrolet | sedan pickup Biscayne | 012 | 80S 134 | 161 none |

For a TOTAL TIME SALE PRICE computed as follows:
1.  *CASH SALE PRICE (Including the

itemized costs designated below)    $1895.00(1)
2. TOTAL DOWN PAYMENT under instalment sale - Consisting of $645.00 plus $ none

(Net Trade-in) (Cash)      $ 645.00(2)
DESCRIPTION OF TRADE-IN
         Make   Chevrolet
         Model   Bel Air
         Year    1956

3. DIFFERENCE BETWEEN ITEMS 1 AND 2      $1250.00(3)
4a. COST OF REQUIRED CAR INSURANCE.
(Include this item, if buyer has authorized seller to apply for the insurance)      $ 80.00(4a)
4b. COST OF CREDITOR INSURANCE ON LIFE OF BUYER
(Exclude this item if buyer does not authorize such insurance)      $ 9.60(4b)
4c. —————————————— $ none (4c)
5. BASIC TIME PRICE (PRINCIPAL BALANCE) (Add items 3, 4a, 4b and 4c)      $1339.60(5)
6. TIME PRICE DIFFERENTIAL      $ 234.16(6)
7. TIME PRICE BALANCE (Add items 5 and 6)      $1573.76(7)
8. TOTAL TIME SALE PRICE (Add items 2 and 7)      $2218.76(8)

The Time Price Balance is payable at the seller's office designated below or at such office of any assignee as may be hereafter designated in 24 instalments of —————————————— $ as listed each commencing Jan. 10, 1962, and on the same day of each successive month thereafter, or as indicated in space below. The final instalment shall equal the amount of time price balance

remaining due. 1 @ 200.00 on Jan 10, 1962 and 23 @ 59.72."

Defendant was allowed $845 for his old car, received $200 of the amount in cash, and was given credit for $645. There is a dispute between the parties as to whether this $200 was a loan or was advanced by Kizzier on the old car for the purpose of paying off an encumbrance of some type on the car. For the purpose of a decision herein, that point is immaterial and will not be discussed.

Subsequent to December 9, 1961, the salesman for Kizzier advised defendant that he had used a wrong rate for computing the insurance premiums in the contract and that the contract would have to be changed to include an additional $9. On January 13, 1962, defendant signed a new contract which is the contract involved in this action. The contracts are on the same form and are exactly the same except for the changes in the amounts inserted in the contracts. The itemization of the description of the transaction in the January 13, 1962, contract is as follows:

"For a TOTAL TIME SALE PRICE computed as follows:

1. *CASH SALE PRICE (Including the itemized costs designated below)      $1895.00(1)

2. TOTAL DOWN PAYMENT under instalment sale - Consisting of $645.00 plus $ none

    (Net Trade-In) (Cash)      $ 645.00(2)

    DESCRIPTION OF TRADE-IN

            Make   Chevrolet

            Model  Bel Air

            Year   1956

3. DIFFERENCE BETWEEN ITEMS 1 AND 2      $1250.00(3)

4a. COST OF REQUIRED CAR INSURANCE (Include this item, if buyer has authorized seller to apply for the

insurance)     $   89.00(4a)

4b. COST OF CREDITOR INSURANCE
ON LIFE OF BUYER
(Exclude this item if buyer does not
authorize such insurance)     $   10.47(4b)

4c. ——————————————— $ none (4c)

5. BASIC TIME PRICE (PRINCIPAL
BALANCE) (Add items 3, 4a, 4b and
4c)     $1349.47(5)

6. TIME PRICE DIFFERENTIAL     $ 231.22(6)

7. TIME PRICE BALANCE (Add items
5 and 6)     $1580.69(7)

8. TOTAL TIME SALE PRICE (Add
items 2 and 7)     $2225.69(8)

The Time Price Balance is payable at the seller's office designated below or at such office of any assignee as may be hereafter designated in 24 instalments of . . . . . . . . $ as listed each, commencing Jan. 10 1962, and on the same day of each successive month thereafter, or as indicated in space below. The final instalment shall equal the amount of time price balance remaining due. 1 @ 200.00 on Jan. 10, 1962; and 23 @ 60.03."

Defendant sets out eight assignments of error. The pertinent ones may be summed up in the contention that the transaction evidences an installment loan at usurious rates. It is the plaintiff's contention that the transaction is a time price sale and not a loan transaction. Plaintiff contends further that, in any event, there is no time price differential which is in violation of the Installment Sales Act or the Installment Loan Act construed with the laws regulating the amount of interest which may be charged by a private person.

In Elder v. Doerr, *ante* p. 483, 122 N. W. 2d 528, we held the Nebraska Installment Sales Act to be unconstitutional. It will, therefore, not be necessary to discuss any of the provisions of that act with relation to this transaction. We are concerned with only two points.

Is the transaction a bona fide time sale? If not, is the contract usurious and void under the provisions of the Nebraska Installment Loan Act?

Is the transaction a valid time sale or what our cases have denominated as a loan in violation of the terms of the Installment Loan Act? In considering whether or not such a transaction is a time sale made in good faith or a loan, the court will look through the form and examine its substance. State ex rel. Beck v. Associates Discount Corp., 168 Neb. 298, 96 N. W. 2d 55. We have said many times an essential of a valid time sale price is a price agreed upon between the parties where the buyer is actually informed of and has at the time the sale is made an opportunity to choose between a cash and a time sale price. See Wood v. Commonwealth Trailer Sales, Inc., 172 Neb. 494, 110 N. W. 2d 87.

This transaction on its face shows a cash sale price of $1,895, an allowance for the trade-in, and two additional charges for insurance. The total of $1,349.47 is shown to be the basic time price. The only apparent conclusion is that the amount of $1,349.47 is to be financed. There is then an item designated as time price differential of $231.22. Regardless of the term used, this item is a charge for the loan of money or for forbearance of a debt. Disguise it by any name or title we will, it is and remains interest. We are concerned not with the form but the intent of the transaction.

Dwayne Kizzier testified that the deal with the defendant was not accepted on the contract, but on the purchase order. To quote him, "* * * but the original deal is made on the purchase order and approved by the Sales Manager or myself."

The purchase order recites the following:

| | |
|---|---|
| "Base price of unit | $1895.00 |
| Tot. Credit | 645.00 |
| Sub-Total | 1250.00 |
| Insurance Mo 24 Ded 50 | 80.00 |
| Life Ins. | 9.60 |

*Time Sales Charge* Mo.        234.16
Total of above items        1573.76"
(Italics supplied.)

This merely emphasizes that an interest charge was made on the unpaid balance. There is no evidence in this case that the defendant was given a choice between a cash and a time sale price.

Kizzier was not licensed to make installment loans. Under our law, the permissive provisions of the Installment Loan Act will not apply to a nonlicensee, but a nonlicensee will be bound by the inhibitory provisions of the act. Curtis v. Securities Acceptance Corp., 166 Neb. 815, 91 N. W. 2d 19.

The highest legal rate which could be charged by a nonlicensee is 9 percent simple interest. The amount to be financed was $1,349.47. It was to be financed for a period of 24 months. Under the contract in this case, it was payable in installments, with the first payment of $200 due in 1 month, and with an installment payment of $60.03 due each month thereafter for 23 months, so that at the end of 24 months $1,580.69 would have been paid. This is $1,349.47 plus the time price charge of $231.22.

Is $231.22 in excess of 9 percent simple interest on this contract? If a 9 percent charge had been made on the full amount of $1,349.47 for the full period of 2 years, it would have only amounted to $242.90. The interest on the $200 payment for 23 months would be $34.50. The interest on the $60.03 installment due in February for 22 months would be $9.70, and each $60.03 installment would increase the interest rebate approximately 45 cents each month. It is readily apparent, therefore, that the charge was a usurious one, and the penalties of the Installment Loan Act are applicable. We determine that the interest charge of 9 percent simple interest on this contract, with a payment of $200 after 1 month and the balance in 23 equal installments, would be approximately

$107. This is considerably less than the $231.22 actually charged.

It is argued that the defendant had at times worked as a car salesman and fully understood the transaction. It could also be argued that the defendant was not in a position to accept a cash sale offer if one had been made, and that the very nature of the transaction indicated the sale would need to be a time price sale. The fact that a purchaser has full knowledge of and accepts the terms of the proffered sale is not a defense to a charge of usury. Nor is his inability to pay cash a matter for consideration on whether a purchaser was offered a choice between a cash and a time sale. The lender herein is the violator of the law, and against him alone are its penalties enacted. Elder v. Doerr, *supra*.

Inasmuch as the transaction is in violation of the provisions of the Installment Loan Act, the contract and any indebtedness due thereunder is void and uncollectible. § 45-155, R. R. S. 1943. The contract being void, the plaintiff was not entitled to succeed in the replevin action, and judgment should have been entered for the defendant.

For the reasons set out above, we reverse the judgment entered herein and remand the cause to the trial court with directions to set aside the judgment for the plaintiff and to enter a judgment for the defendant for possession, damages, and costs. If for any reason the vehicle cannot be returned to the possession of the defendant, then to determine the value thereof as of the date of replevin and to enter judgment for said amount, damages, and costs.

REVERSED AND REMANDED WITH DIRECTIONS.

BOSLAUGH, J., dissenting.

I respectfully dissent from the holding of the majority in this case.

The purchase order referred to in the majority opinion contained all of the essential information concerning the transaction including the number and amount of

installment payments to be made. The defendant testified that he read the purchase order and that he understood it. The defendant also testified that at the time he signed the purchase order he received an invoice which stated the "total cash price" and "total time price" for the automobile.

This is a law action in which the findings of the court have the effect of a verdict of a jury. It is a question of fact as to whether the transaction was a time sale made in good faith or a loan made in violation of the Installment Loan Act. The burden of proof was on the defendant to establish that the transaction was a loan.

In my opinion the evidence is sufficient to sustain the judgment of the trial court and the judgment should have been affirmed.

I am authorized to state that Judge Brower concurs in this dissent.