MIDSTATES ACCEPTANCE, A CORPORATION, APPELLEE, V.
FRANCIS D. VOSS, DOING BUSINESS AS EMERSON
MANUFACTURING COMPANY, APPELLANT.
202 N. W. 2d 822
Filed December 15, 1972. No. 38504.

John V. Addison, for appellant.

Leamer & Galvin, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action to recover on a conditional sale contract. A plea of usury was disallowed. Judgment was recovered by plaintiff. The judgment is reversed.

LeRoy Jones desired to purchase from the defendant, a manufacturer of air jacks, a quantity of jacks for the sum of $10,000. Jones did not have the purchase price but made arrangements with Great Plains Acceptance for the required money. Great Plains Ac-

ceptance prepared a conditional sales contract in the sum of $12,480 drawing 6 percent interest and payable in 24 installments. The contract was executed by Jones. It was simultaneously executed by defendant as the "seller," together with an assignment of the contract to Great Plains Acceptance which paid defendant the $10,000 due on the jacks. The contract was subsequently assigned by Great Plains Acceptance to the plaintiff Midstates Acceptance. Jones defaulted and plaintiff seeks to hold defendant as assignor and guarantor.

Although the contract refers to a time price or time price differential, the record fails to disclose that a time price was quoted to the purchaser. The undisputed evidence of the defendant indicates that only one price, the cash price, was considered by buyer and seller. We have repeatedly held that under such circumstances there cannot be a valid time sale. "An essential of a valid time sale price is a price agreed upon between the parties where the buyer is actually informed of and has at the time the sale is made an opportunity to choose between a cash and a time sale price.

"Regardless of the term used, if the result is a charge for the loan of money or for forbearance of a debt the result is interest." General Motors Acceptance Corp. v. Mackrill, 175 Neb. 631, 122 N. W. 2d 742.

Plaintiff contends that it did not make a loan to Jones but purchased the contract from defendant at a discount. This cannot avail plaintiff. Even if the transaction is regarded as a sale rather than a loan, the excess charges, as mentioned above, must be regarded as interest since there was not a valid time sale.

The primary dispute between the parties is in regard to whether the transaction was a time sale or a loan. "Whether or not a transaction is a bona fide time sale or the financing of the balance of a cash purchase price is a question of fact.

"In considering whether or not a transaction is a time sale made in good faith or a loan of money or the

forbearance of a debt, the court will look through form and examine its substance." Elder v. Doerr, 175 Neb. 483, 122 N. W. 2d 528. See, also, Lloyd v. Gutgsell, 175 Neb. 775, 124 N. W. 2d 198.

In Nelson v. General Credit Corp., 166 Neb. 770, 90 N. W. 2d 799, Worthing Motor Company sold an automobile to plaintiff. The transaction was financed by the defendant General Credit Corporation which took an assignment of the note and mortgage from Worthing. The court stated in ruling that the transaction was a loan: "The facts and circumstances here point to the conclusion that this transaction originated as a loan by General Credit to the plaintiff. Plaintiff desired a loan. Worthing contacted General Credit, and gave it the base figures upon which to calculate the amount of the loan so that Worthing would receive its cash price. The transaction was thereafter the proceeding of General Credit in securing a credit report on plaintiff, in calculating the amount of the loan and the amount of the payments, and in determining insurance which General Credit required and its cost. It is clear that Worthing drafted the note and mortgage for General Credit so as to secure its cash price together with interest, insurance, and other charges exacted by General Credit." See, also, Frankfurt Finance Corporation v. Cox (Tex. Civ. App.), 142 S. W. 2d 553, wherein, under circumstances practically identical to those in the present case, the transaction was held to be a loan and not a time sale.

In the case before us, the financing was arranged by the borrower Jones, the terms settled between Jones and plaintiff, and the papers prepared by plaintiff without consulting the defendant. It appears quite clearly that the transaction was a loan to Jones disguised as a conditional or time sale with defendant as surety or guarantor. As such it is usurious and subject to the forfeiture of interest. See §§ 45-105 and 45-138 (3), R. R. S. 1943.

As the loan was made by plaintiff to Jones, in signing the contract and guaranteeing payment, defendant is placed in the position of a surety or guarantor. Can a surety or guarantor raise the issue of usury when it is sought to hold him under the contract? In Keim & Co. v. Avery, 7 Neb. 54, it is held: "A surety may plead as a defense to a promissory note, that usurious interest was agreed upon by the parties at the time of the execution of the note."

It was held in Male v. Wink, 61 Neb. 748, 86 N. W. 472, and in Pitman v. Ireland, 64 Neb. 675, 90 N. W. 540, that a mortgagor of real estate could raise the defense of usury, notwithstanding he had sold the premises, if made party to a foreclosure action and a deficiency judgment could be rendered against him.

"The purpose and policy of the laws against usury are the protection of necessitous borrowers against the oppressive exactions of moneylenders, and the right to claim the protection of those laws is confined to the debtor and those in legal privity with him." 55 Am. Jur., Usury, § 121, p. 409.

As to persons in privity: "The rule embraces the heirs, legal representatives, and devisees of the borrower or debtor and those who stand in the relation of sureties, guarantors, or accommodation indorsers, with respect to the tainted obligation." 55 Am. Jur., Usury, § 122, p. 410. See, also, Rader v. Burnett, 175 Neb. 663, 122 N. W. 2d 747. To the same effect are Tomihiro v. United Hotel Corp., 145 Ore. 629, 28 P. 2d 880; Silverman v. Bernstein, 191 N. Y. Supp. 192; Lydick v. Stamps (Tex. Civ. App.), 316 S. W. 2d 107; Drew v. Skeena Lumber Co., 180 Minn. 358, 230 N. W. 819. See, also, Annotation, 70 A. L. R. 359.

The principal amount due on the contract in issue has not been fully paid. It being a usurious loan, it is subject to the penalty specified in the statutes above cited, namely, forfeiture of interest and other charges. The judgment is reversed and the cause remanded with

instructions to the trial court to ascertain the total of payments made on the contract, credit them on the principal amount of $10,000, and enter judgment for plaintiff for the balance.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

BOSLAUGH, J., concurs in the result.