SHIRLENE WATSON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, APPELLANT, V. AVCO FINANCIAL SERVICES INTERNATIONAL, INC., A NEBRASKA CORPORATION, AND GAMBLES SKOGMO, INC., A MINNESOTA CORPORATION, APPELLEES.

401 N.W.2d 485

Filed February 27, 1987.  No. 44184.

Robert G. Hays, for appellant.

James L. Haszard of Zimmerman & Haszard, for appellee Avco Financial Services, Inc.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

Shirlene Watson, on behalf of herself and all others similarly situated, has appealed from a judgment entered by the district court for Lancaster County, Nebraska, granting summary judgment in favor of the appellees, Avco Financial Services International, Inc., a Nebraska corporation, and Gambles Skogmo, Inc., a Minnesota corporation. In granting the summary judgment, the district court did not address the issue of whether appellant could properly bring a class action. In view of the fact that we affirm the decision of the district court granting summary judgment in favor of all of the defendants and against the appellant, we also need not address that issue.

The pleadings and affidavits of the parties reveal that Watson entered into an installment sales contract with Gambles on April 19, 1978, for the purchase of certain household furniture. The total unpaid balance was in the amount of $1,300, to be repaid in 35 equal installments of $46.25 each and a final payment of the balance. The contract was thereafter sold to Avco on June 16, 1978. Watson did not make the entire payment due for the month of June 1979, and, therefore, the payment was deferred for an additional month, thereby making it a contract for 37 months. In consideration of Avco's deferring the contract for an additional month, Avco charged and received from Watson the sum of $10.09. Watson thereafter defaulted in payment, owing Avco $1,118.74.

Watson then filed this action to have the contract declared void and to recover back the charges and penalties as provided by Neb. Rev. Stat. § 45-344 (Reissue 1978), that being the law then in effect.

Watson has listed nine assignments of error. In fact there are but three issues. They are as follows: (1) Did the appellees contract for and collect an excessive time-price differential in violation of Neb. Rev. Stat. § 45-338 (Reissue 1978)? (2) Did the appellees contract for unauthorized attorney fees? and (3) Did the appellees collect an unauthorized deferment fee?

Section 45-338, in effect at the time this contract was entered

into, provided in part as follows:

> Notwithstanding the provisions of any other law, the time price differential for any goods or services sold under an installment contract shall not exceed eighteen per cent per annum on that part of the unpaid principal balance not in excess of one thousand dollars, and not exceeding twelve per cent per annum on that part of the unpaid principal balance in excess of one thousand dollars; *Provided*, a minimum time price differential of ten dollars may be charged on any installment contract. When the installment contract is payable in substantially equal and consecutive monthly installments, the time price differential shall be computed on the basic time price of each contract, as determined under the provisions of section 45-336, from the date of the contract until the due date of the final installment, notwithstanding that the time price balance is required to be paid in installments.

Appellant maintains that, under the provisions of the Nebraska Installment Sales Act, Neb. Rev. Stat. §§ 45-334 et seq. (Reissue 1978), the time-price differential must be computed by, in effect, dividing the contract in question into two contracts, one for $1,000 and one for $300. Watson further maintains that as each payment of $46.25 is made, a portion of the payment must be applied to the $1,000 principal unpaid times 18 percent and a portion of the payment must be applied to the $300 principal unpaid times 12 percent. Watson argues that by failing to calculate the time-price differential in this manner, appellees contracted for and collected charges that were $18.79 in excess of those authorized by the statute, entitling her to void the contract and recover up to the first $1,000 of the time-price differential and $4,000 of the principal of the contract. See § 45-344.

We are simply unable to grasp the argument made by Watson, nor are we able to adopt the position advanced by her. It appears to us that the statutes in question are clear on the face of the act and require no interpretation as suggested by Watson. In the instant case there was but one contract for $1,300 and not two, as suggested by Watson. As in all contracts of debt, the principal is reduced by applying payments to the total amount

of the unpaid principal due and owing, and not by dividing the contract up and in some manner applying part of the principal payment to the first sums due and owing and part of the principal payment to some part in the middle. When Watson ceased making payments in this case she owed $1,118.74, and did not owe some part of $300 in excess of $1,000 and some part of the $1,000 not in excess of $1,000.

The language of § 45-338 is clear and unambiguous. It provides that the charge "shall not exceed 18 per cent per annum on that part of the unpaid principal balance not in excess of one thousand dollars, and not exceeding twelve per cent per annum on that part of the unpaid principal balance in excess of one thousand dollars." It seems clear to us that there is but one unpaid principal balance, and that to divide the contract into two contracts with two unpaid principal balances, as suggested by Watson, is neither proper nor warranted.

As we said in *S.I.D. No. 95 v. City of Omaha*, 221 Neb. 272, 276, 376 N.W.2d 767, 770 (1985): "Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain their meaning." And, furthermore, this court is not free to read a meaning into a statute that is not there, nor to read anything direct and plain out of a statute. See *State v. Schulz*, 221 Neb. 473, 378 N.W.2d 165 (1985).

Under the provisions of § 45-338 the seller is entitled to charge the buyer 18 percent interest on that portion of the unpaid balance which is less than $1,000 and 12 percent interest on that portion of the unpaid balance in excess of $1,000. Of necessity, the 18-percent rate of interest will be charged against the $1,000 balance for a greater portion of the time that the contract remains unpaid than will be charged at 12 percent against the unpaid portion in excess of $1,000, simply because the portion not in excess of $1,000 will remain unpaid for a longer time than will the portion in excess of $1,000, which is paid first. In our view that is precisely what the act in question contemplates. Watson's argument to the effect that an excessive charge was made is simply without merit and must be overruled.

Watson's second contention is that, contrary to Nebraska law, Gambles contracted for an attorney fee, thereby entitling

Watson to void the contract and recover back the principal and interest as provided by statute. Watson concedes that no attorney fee was in fact collected. Nevertheless, Watson correctly points out that collection is not required if, indeed, a contract to pay was made. The difficulty with Watson's argument is that the language of the contract is specifically to the contrary. The contract provides: "4. DEFAULT AND BREACH OF AGREEMENT: *To the extent permitted by law*: . . . (b) Buyer will be liable for payment of all costs, including reasonable attorneys' fees, incurred in repossessing and reselling the merchandise and collecting any sums due hereunder." (Emphasis supplied.)

Watson claims that by reason of this language Gambles and Avco have indirectly contracted for unauthorized attorney fees. Whether one may contract for attorney fees under the provisions of the Nebraska Installment Sales Act is an open question and need not here be decided because the contract clearly provides that the agreement to pay is applicable only "[t]o the extent permitted by law." To the extent, therefore, that Nebraska does not permit the collection of such a fee, the contract provided that no fee may be collected, and therefore neither Gambles nor Avco contracted to collect such a fee. Watson's attempt to argue that the language of the contract is ambiguous and permits Gambles or Avco to do indirectly what it may not do directly is simply an attempt to read into the contract words which are not there. That this court may not do. The second claim is therefore without merit.

That leaves us, then, with the last issue. As the facts upon which the parties agree indicate, Watson became delinquent in her payments at some time before the contract was to be paid in full. In consideration of the payment of $10.09 by Watson, an amount less than Avco could have charged initially for the month, Avco extended the life of the contract an additional month. The fee paid was based on the fact that the amount due Avco under the contract was not to be paid for an additional month. Watson now maintains that because the statutes make no provision for a deferment fee, the receipt by Avco of this $10.09 voids the contract. Again, we believe that the argument is without merit.

It is clear to us that the $10.09 was interest for an additional month, no matter what it was called. In all of our previous cases involving installment sales we have held that we shall look to the substance of the transaction, regardless of the form. See *General Motors Acceptance Corp. v. Mackrill,* 175 Neb. 631, 122 N.W.2d 742 (1963). As an example, in *Humber v. Gibreal Auto Sales, Inc.,* 207 Neb. 286, 298 N.W.2d 363 (1980), we held that we would consider a transaction as a sale and subject to the act even though called a lease. We see no reason why we should depart from that rule where, as here, by looking through the form to the substance, it is obvious that the payment is interest permitted under the act in question.

Avco extended the contract for an additional month so that the unpaid principal balance could be paid over 37 months rather than 36 months. There was nothing illegal about that. Under the provisions of the act then in effect, an installment sales contract could have initially been entered into for up to 145 months (see § 45-335(5)). It would therefore appear to us to be an absurdity to suggest that Gambles could have initially entered into a contract with Watson for 37 months and collected interest during that entire time, but that, having once entered into the contract for 36 months, appellees' only remedy upon default by Watson was to declare the contract totally due and owing and subject either to an action for replevin or an action on the balance due. No provision of the sales act is directed to our attention, nor are we able on our own to find any provision of the act, which precludes Avco from renegotiating the contract once a default occurs, so long as the contract does not extend for more than 145 months. We believe that no violation was committed by reason of Avco's extending the time of payment for an additional month and collecting an additional month's interest.

For those reasons, therefore, the judgment of the district court granting summary judgment in favor of the appellees and against the appellant is in all respects affirmed.

AFFIRMED.