369 S.E.2d 882

**Joseph N. ORLANDO, Jr. and Lisa L. Orlando, Individually, etc.**

v.

**FINANCE ONE OF WEST VIRGINIA, INC., A Corporation.**

**No. 17902.**

Supreme Court of Appeals of West Virginia.

May 20, 1988.

John C. Purbaugh, Joseph P. Henry, WV Legal Services Plan, Inc., Charleston, William T. Wertman WV Legal Services Plan, Martinsburg, for appellants.

Walter M. Jones, III, Arthur W. Boyce, Martinsburg, for appellee.

BROTHERTON, Justice:

Joseph N. Orlando and Lisa L. Orlando, husband and wife, appeal the final order of the Circuit Court of Berkeley County dismissing their complaint against Finance One of West Virginia, Inc., seeking statutory penalties for violations of the West Virginia Consumer Credit and Protection Act. For the reasons set forth below, we affirm in part and reverse in part the judgment of the Circuit Court of Berkeley County.

Finance One of West Virginia, Inc. (Finance One) is a small loan company licensed by the West Virginia Department of Banking. On September 6, 1984, the Orlandos executed a "Promissory Note and Security Agreement" in favor of Finance One. The preprinted contract contained, on the reverse side, Clause # 14, which provided:

> *Waiver of Homestead and Exemption Rights.* To the extent permitted by law, I hereby waive and transfer to Lender any homestead or other exemption rights granted to me under applicable law.

The Orlandos defaulted on the loan and were the subject of nonjudicial collection activities. Finance One made no attempt to judicially enforce Clause # 14.

On August 28, 1985, the Orlandos filed a class action suit seeking declaratory and injunctive relief and recovery of statutory penalties on behalf of themselves and all other similarly situated persons for violations of the West Virginia Consumer Credit and Protection Act.[1] The Orlandos alleged first, that Clause # 14 was unconscionable under W.Va.Code § 46A-2-121 (1986) because any attempted waiver of the exemptions granted by the West Virginia Constitution Article 6, § 48 is expressly forbidden by W.Va.Code § 38-9-6 and § 38-8-15 (1985); second, that the inclusion of Clause # 14 in the loan contract was an unfair and deceptive act or practice prohibited by W.Va.Code § 46A-6-104 (1986); and third, that it constituted an unfair debt collection practice prohibited by W.Va.Code § 46A-2-127 (1986).

Following a hearing on cross motions for summary judgment, the trial court issued its final order which contained findings of fact and conclusions of law. The trial court found that class action status had been established and determined the case as a class action suit. The trial court dismissed the plaintiffs' motion for partial summary judgment, finding "a technical violation of a statute" and ordered that the contracts or any similar contracts "be immediately destroyed or removed from the State of West Virginia and no longer be used." R. at 243. The trial court dismissed the plaintiffs' claims for statutory penalties.

The appellants argue that the trial court erred by failing to impose statutory penalties and request that this Court reverse the

---

1. Between May 1983 and February 1985, Finance One executed approximately 5,000 of the preprinted "Promissory Note and Security Agreement" contracts.

judgment of the Circuit Court of Berkeley County and remand with instructions to enter summary judgment in their favor and determine the appropriate amount of civil penalties as provided by W.Va.Code § 46A–5–101 and § 46A–2–127.[2]

## I.

The appellants argue first that Clause # 14 is unconscionable under W.Va.Code § 46A–2–121 because any attempted waiver of the exemptions granted by the West Virginia Constitution Article 6, § 48 is expressly forbidden by W.Va.Code § 38–9–6 and § 38–8–15.

Article 6, § 48 of the West Virginia Constitution provides for a $5,000 homestead exemption and $1,000 personal property exemption from forced sale. The West Virginia Constitution, art. 6, § 48 provides:

Any husband or parent, residing in this State, or the infant children of deceased parents, may hold a homestead of the value of five thousand dollars, and personal property to the value of one thousand dollars, exempt from forced sale, subject to such regulations as shall be prescribed by law....

The statutory provisions governing the homestead exemption are found in Chapter 38, Article 9 of the West Virginia Code. Section 38–9–1 reiterates the homestead exemption of $5,000. West Virginia Code § 38–9–6 proscribes the waiver of the homestead exemption provided for in W.Va.Code § 38–9–1 except under certain conditions. West Virginia Code § 38–9–6 provides:

Any waiver of the rights conferred by this article shall be void and unenforceable except to the extent that (1) such waiver is accompanied by a consensual security interest in the property in which the homestead exemption is asserted and (2) such security interest cannot be satisfied without encroaching upon the homestead exemption so asserted.

The statutory provision concerning the personal property exemption is W.Va.Code § 38–8–1. West Virginia Code § 38–8–15 provides that "[a]ny waiver of the rights conferred by [article 8] shall be void and unenforceable."

The appellants argue that because any attempted waiver of the homestead and personal property exemptions is void and unenforceable, Clause # 14 is "unconscionable" under § 46A–2–121 of the West Virginia Consumer Credit Protection Act. West Virginia Code § 46A–2–121 provides:

(1) With respect to a transaction which is or gives rise to a consumer credit sale or consumer loan, if the court as a matter of law finds:

(a) The agreement or transaction to have been unconscionable at the time it was made, or to have been induced by unconscionable conduct, the court may refuse to enforce the agreement, or

(b) Any term or part of the agreement or transaction to have been unconscionable at the time it was made, the court may refuse to enforce the agreement, or may enforce the remainder of the agreement without the unconscionable term or part, or may so limit the application of any unconscionable term or part as to avoid any unconscionable result.

\* \* \* \* \* \*

 "The legislature in enacting the West Virginia Consumer Credit and Protection Act, W.Va.Code 46A–1–101, *et seq.*, in 1974, sought to eliminate the practice of including unconscionable terms in consumer agreements covered by the Act. To further this purpose the legislature, by the express language of W.Va.Code, 46A–5–101(1), created a cause of action for consumers and imposed a civil liability on creditors who include unconscionable terms that violate W.Va.Code, 46A–2–121 in consumer agreements." Syl. pt. 2, *U.S. Life Credit Corp. v. Wilson*, 171 W.Va. 538, 301

**2.** West Virginia Code § 46A–5–101 provides that if a creditor violates W.Va.Code § 46A–2–121 or § 46A–2–127, "the consumer has a cause of action to recover actual damages and in addition a right in an action to recover from the person violating this chapter a penalty in an amount determined by the court not less than one hun-

dred dollars nor more than one thousand dollars."

West Virginia Code § 46A–6–106 entitles a consumer who suffers loss as a result of a violation of W.Va.Code § 46A–6–104 "to recover actual damages or two hundred dollars, whichever is greater." W.Va.Code § 46A–6–106(1).

S.E.2d 169 (1982). The West Virginia Consumer Credit Protection Act, however, contains no definition of "unconscionable." The West Virginia Consumer Credit and Protection Act is derived in part from the Uniform Consumer Credit Code. *See Clendenin Lumber & Supply Co. v. Carpenter*, 172 W.Va. 375, 305 S.E.2d 332, 336 n. 4 (1983). Section 5.108(1)(a) & (b) of the Uniform Consumer Credit Code concerning unconscionability as it relates to a consumer credit transaction is identical to W.Va. Code § 46A–2–121(1)(a) & (b). The drafters of the Uniform Consumer Credit Code explained that the principle of unconscionability "is one of the prevention of oppression and unfair surprise and not the disturbance of reasonable allocation of risks or reasonable advantage because of superior bargaining power or position." *See* Uniform Consumer Credit Code, § 5.108 comment 3, 7A U.L.A. 170 (1974). The drafters stated:

> The basic test is whether, in the light of the background and setting of the market, the needs of the particular trade or case, and the condition of the particular parties to the conduct or contract, the conduct involved is, or the contract or clauses involved are so one sided as to be unconscionable under the circumstances existing at the time the conduct occurs or is threatened or at the time of the making of the contract.

*Id.* The drafters explained further that "[t]he particular facts involved in each case are of utmost importance since certain conduct, contracts or contractual provisions may be unconscionable in some situations but not in others." *Id.* Similarly, in syllabus point 3 of *Troy Mining Corp. v. Itmann Coal Co.*, 176 W.Va. 599, 346 S.E.2d 749 (1986), this Court stated that "[a]n analysis of whether a contract term is unconscionable necessarily involves an inquiry into the circumstances surrounding the execution of the contract and the fairness of the contract as a whole." [3]

■ In the present case, the trial court reasoned that the determining factor in whether Clause # 14 was unconscionable was "the ability of a creditor through the use of that clause to intimidate a debtor into payment where the payment would not otherwise be made except through use of that clause." R. at 242. The trial court stated that it could not conclude that "the use of this language and the attitudes and beliefs of a consumer would constitute or justify an intimidation upon the debtor to waive or abrogate certain rights." R. at 243.[4]

The clause in question provided that "to the extent permitted by law, I hereby waive and transfer to Lender any homestead or other exemption rights granted me under applicable law." Thus, to the extent

---

**3.** In *Troy*, we addressed unconscionability under the Uniform Commercial Code, W.Va.Code § 46–2–302(1) (1966), which provides:

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

Although W.Va.Code § 46–2–302 applies only to "transactions in goods," W.Va.Code § 46–2–102, the concept of unconscionability under the Uniform Commercial Code "has been applied to many other kinds of contracts, either by analogy or as an expression of a general doctrine." E. Farnsworth, Contracts § 4.28 (1982).

**4.** In so holding, the trial court distinguished the present case from this Court's decision in *U.S. Life Credit Corp. v. Wilson*, 171 W.Va. 538, 301 S.E.2d 169 (1983). In *U.S. Life*, the debtor borrowed money from the credit company, signing a combined note, security agreement and disclosure statement, but later defaulted. The credit company brought an action to recover the balance due. The debtor brought a counterclaim alleging that a clause in the form loan agreement was unconscionable under the West Virginia Consumer Credit and Protection Act. The clause in question provided:

> The undersigned hereby jointly and severally authorize the Lender, its agents or assigns to communicate in any manner with any person, firm, corporation or governmental agency for any purpose in connection with the making or collection of the loan evidenced by this note and also waive the right to enforce any claim, action or cause of action which the undersigned may hereafter have for violation of right of privacy by reason of such communications.

171 W.Va. at 540, 301 S.E.2d at 171. The trial court denied the debtor's cross motion for summary judgment on this counterclaim.

West Virginia does not permit waiver of exemptions, the contract provided that no exemption was waived.[5] Further, Clause #14 was one of nineteen additional terms located on the reverse side of the loan agreement. There was no evidence presented that the Orlandos failed to read the contract or requested an explanation of any of the terms of the agreement, including Clause #14. Finally, Finance One made no attempt to enforce Clause #14 against the Orlandos or any other members of the class who executed one of the agreements in question. *Cf. Broadway v. Household Fin. Corp.*, 351 So.2d 1373 (Ala. Civ.App.1977) (waiver of personal property exemption by cosigners was not uncon-

scionable). Accordingly, we agree with the trial court that "[t]o the debtor or signor of the instrument, [that phrase] creates at least the apparent protection of the legal system in that the waiver of any rights is only to the extent permitted by law." R. at 241. We, therefore, hold that Clause #14 is not unconscionable and consequently find no error in the trial court's failure to impose civil penalties pursuant to W.Va. Code § 46A–5–101.[6]

## II.

The appellants argue also that the inclusion of Clause #14 in their loan agreement was an unfair credit practice under W.Va.Code § 46A–6–102(f) (1986) and

This Court reversed the judgment of the trial court and found that this provision was unconscionable and a patent violation of W.Va.Code § 46A–2–121 because it purported to waive the debtor's statutory right to be free from unreasonable publication of his indebtedness under W.Va.Code § 46A–2–126. 171 W.Va. at 540, 301 S.E.2d at 171.

In the case before us, the trial court distinguished *U.S. Life* from the present case, stating:

I have very little problems with the application of the *U.S. Life* case simply because the clause in question in the *U.S. Life* case was so capable of creating an aura of intimidation against a debtor by virtue of the threat without use of judicial process of creating a public embarrassment, that to the ordinary consumer such a right would create upon him a fear with respect to loss of credit rating, embarrassment in the business community, embarrassment in front of his friends or associates and adverse implications upon his family.

R. at 240. The trial court stated that a clause in violation of W.Va.Code § 46A–2–126 is highly intimidating because it imposes upon the debtor the belief that the creditor has the power to ruin him financially even without going to court. The court contrasted a clause which violates W.Va.Code § 46A–2–126 from the situation in the present case where there exists an expectation of loss on the part of the consumer if he fails to pay his debts. We agree with the trial court that this Court's decision in *U.S. Life* is distinguishable from the situation presently before us.

5. *Cf. Watson v. Avco Financial Services Intern.*, 224 Neb. 778, 401 N.W.2d 485, 488 (1987) (installment sales contract provision making buyer liable for attorneys' fees on default "to the extent permitted by law" was not unauthorized contract for attorneys' fees).

6. We address summarily the appellants' argument that they are entitled to penalties under W.Va.Code § 46A–5–101 because the inclusion of Clause #14 was prohibited by W.Va.Code

§ 46A–2–127. West Virginia Code § 46A–2–127 provides that "[n]o debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or obtain information concerning consumers." We cannot view the mere inclusion of Clause #14 in the loan agreement, absent any attempt to enforce it, as an attempt to collect a debt. We, therefore, find that the inclusion of Clause #14 did not violate W.Va.Code § 46A–2–127 and, consequently, must deny the appellants' request for penalties under W.Va.Code § 46A–5–101.

Although we have rejected both of the appellants' requests for penalties under W.Va.Code § 46A–5–101, we note briefly the purpose of providing for the imposition of such penalties. West Virginia Code § 46A–5–101 gives a consumer a right in an action to recover from a person violating Chapter 46A a penalty of "not less than one hundred nor more than one thousand dollars," in addition to actual damages. The Uniform Consumer Credit Code contains a similar penalty provision but, unlike the West Virginia Consumer Credit Code, expressly precludes recovery of penalties in a class action. Uniform Consumer Credit Code, § 5.201(1), 7A U.L.A. 170 (1974). Section 5.201(1) provides, in relevant part:

... the consumer has a [claim for relief] [cause of action] to recover actual damages and also a right in an action *other than a class action*, to recover from the person violating this Act a penalty in an amount determined by the court not less than $100 nor more than $1000.

(emphasis added). In the comments following § 5.201 the drafters explained that because the purpose of the penalty is "not only to provide a deterrent to potential violators but also an incentive to a consumer to bring an action when a violation has occurred ... penalties may not be recovered in a class action." Uniform Consumer Credit Code, § 5.201 comments, 7A U.L.A. 170 (1974).

§ 46A–6–104 (1986). West Virginia Code § 46A–6–104 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." West Virginia Code § 46A–6–102(f)(1)–(14) lists those acts or practices which are considered unfair or deceptive.[7] Subsection (12) proscribes as unlawful or deceptive: "Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding;" and subsection (14) proscribes as unfair or deceptive: "Advertising, printing, displaying, publishing, distributing or broadcasting, or causing to be advertised, printed, displayed, published, distributed or broadcast in any manner, any statement or representation with regard to the sale of goods or the extension of consumer credit including the rates, terms or conditions for the sale of such goods or the extension of such credit, which is false, misleading, or deceptive, or which omits to state material information which is necessary to make the statements therein not false, misleading or deceptive." W.Va.Code § 46A–6–102(f)(12) & (14) (1986). Subsections (12) and (14) are applicable to the present case.

Clause # 14 purports to waive a debtor's homestead and personal property exemptions to the extent permitted by law. However, under West Virginia law such waivers are void and unenforceable.[8] Consequently, the language "[t]o the extent permitted by law, I hereby waive and transfer to Lender any homestead or other exemption rights granted to me under applicable law" is misleading and "creates a likelihood of confusion or of misunderstanding."

---

7. West Virginia Code § 46A–6–102(f) provides:

"Unfair methods of competition and unfair or deceptive acts or practices" means and includes, but is not limited to, any one or more of the following:

(1) Passing off goods or services as those of another;

(2) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(3) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

(4) Using deceptive representations or designations of geographic origin in connection with goods or services;

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have, or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

(6) Representing that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used or secondhand;

(7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

(8) Disparaging the goods, services or business of another by false or misleading representation of fact;

(9) Advertising goods or services with intent not to sell them as advertised;

(10) Advertising goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity;

(11) Making false or misleading statements of fact concerning the reasons for, existence of or amounts of price reductions;

(12) Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding;

(13) The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby; or

(14) Advertising, printing, displaying, publishing, distributing or broadcasting, or causing to be advertised, printed, displayed, published, distributed or broadcast in any manner, any statement or representation with regard to the sale of goods or the extension of consumer credit including the rates, terms or conditions for the sale of such goods or the extension of such credit, which is false, misleading, or deceptive, or which omits to state material information which is necessary to make the statements therein not false, misleading or deceptive.

8. West Virginia Code § 38–9–6 does permit a debtor to waive his homestead exemption to the extent that "(1) such waiver is accompanied by a consensual security interest in the property in which the homestead exemption is asserted and (2) such security interest cannot be satisfied without encroaching upon the homestead exemption so asserted." However, in the case presently before us, Finance One, a "supervised lender," may not contract for an interest in land as security. W.Va.Code § 46A–4–109 (1986).

W.Va.Code § 46A–6–102(f)(12) & (14). We, therefore, find that Clause # 14 is an unfair practice as proscribed by W.Va.Code § 46A–6–102(f) and § 46A–6–104. However, because Finance One made no attempt to enforce Clause # 14, the appellants have suffered no "ascertainable loss of money or property" as a result of the inclusion of Clause # 14 in the loan contract. West Virginia Code § 46A–6–106 requires that in order to bring an action for damages, a consumer must have suffered "ascertainable loss of money or property, real or personal, as the result of the use or employment by another person of a method, act or practice prohibited or declared unlawful by the provisions of this article." W.Va.Code § 46A–6–106. Thus, while the inclusion of Clause # 14 was an unfair practice, we find that the appellants are not entitled to recover damages. Although the trial court failed to view the inclusion of Clause # 14 as an unfair practice, it effected the proper remedy in this case in its order, ridding the State of West Virginia of contracts containing Clause # 14 or any similar contract provisions.

For the foregoing reasons, we affirm the judgment of the Circuit Court of Berkeley County in part and reverse in part.

Affirmed in part, reversed in part.