NORTHERN BANK, A NEBRASKA BANKING CORPORATION, APPELLEE, V. DUANE J. DOWD, APPELLANT, AND RAY L. GUSTAFSON, APPELLEE.

562 N.W.2d 378

Filed April 24, 1997.    No. S-95-1059.

J. Patrick Green for appellant.

Steven J. Woolley, of Polack, Woolley & Troia, P.C., for appellee Northern Bank.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CAPORALE, J.

The plaintiff-appellee, Northern Bank, seeks to recover under an agreement by which the defendant-appellant, Duane J. Dowd, and the defendant-appellee, Ray L. Gustafson, under-

took to guarantee "payment of any principal and interest due and payable on the [collateral] promissory note" which is the subject of *Northern Bank v. Pefferoni Pizza Co., ante* p. 321, 562 N.W.2d 374 (1997), hereafter referred to as *Northern I*. The district court granted Northern's motion for summary judgment as against both Dowd and Gustafson. Dowd alone thereafter appealed to the Nebraska Court of Appeals, asserting, in summary, that the district court erred in so ruling. We, on our own motion, removed the matter to our docket and now reverse the judgment of the district court and remand the cause for further proceedings.

A guaranty is a collateral undertaking by one person to answer for the payment of a debt or the performance of some contract or duty in case of the default of another person who is liable for such payment or performance in the first instance. *Chiles, Heider & Co. v. Pawnee Meadows*, 217 Neb. 315, 350 N.W.2d 1 (1984). Stated otherwise, a guaranty is basically a contract by which the guarantor promises to make payment if the principal debtor defaults. *Murphy v. Stuart Fertilizer Co.*, 221 Neb. 767, 380 N.W.2d 631 (1986).

Some courts draw a distinction between the terms "surety" and "guarantor." See, e.g., *Howell v. Commissioner of Internal Revenue*, 69 F.2d 447 (8th Cir. 1934) (explaining that liability of guarantor is secondary, while liability of surety is original, and that surety is bound by same agreement which binds principal, while guarantor is bound by own independent undertaking), *cert. denied* 292 U.S. 654, 54 S. Ct. 864, 78 L. Ed. 1503. We, however, have used the terms interchangeably. See, e.g., *Spittler v. Nicola*, 239 Neb. 972, 479 N.W.2d 803 (1992) (applying surety rules in determining liability under guaranty agreement); *Gaspar v. Flott*, 209 Neb. 260, 307 N.W.2d 500 (1981) (describing party who signed guaranty as guarantor or surety); *Midstates Acceptance v. Voss*, 189 Neb. 411, 202 N.W.2d 822 (1972) (describing party guaranteeing payment as surety or guarantor).

We have written that suretyship is

"a contractual relation resulting from an agreement whereby one person, the surety, engages to be answerable for the debt, default, or miscarriage of another, the princi-

pal. *The surety's obligation is not an original and direct one for the performance of his own act, but is accessory or collateral to the obligation contracted by the principal. It is of the essence of the surety's contract that there be a valid obligation."* . . .

Inherent in the existence of any surety relationship is the requirement that the principal owe some obligation. The liability of the surety for the debt to the holder of the obligation *is no greater and no less than that of the principal.* (Emphasis in original.) *Sawyer v. State Surety Co.*, 251 Neb. 440, 444-45, 558 N.W.2d 43, 47 (1997).

Thus, the liability of a guarantor for the debt of the principal can be no greater and no less than that of the principal. Dowd can have no greater obligation under his agreement to guarantee payment of the promissory collateral note to which the agreement refers than does Pefferoni Pizza under the note as the maker thereof.

Inasmuch as *Northern I* reversed the summary judgment in Northern's favor on the note, it necessarily follows that the summary judgment herein in favor of Northern must also be reversed. As observed in *Upah v. Ancona Bros. Co.*, 246 Neb. 608, 610, 521 N.W.2d 906, 907 (1994): "Generally, an order, judgment, or proceeding dependent on, or ancillary and accessory to, a judgment, order, or decree which is reversed shares its fate and falls with it."

Accordingly, as noted in the first paragraph hereof, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.