**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1554**

_____

ROBERT HILL; MARY HILL, his wife, Individually and on
behalf of all others similarly situated,

                Plaintiffs - Appellants,

       v.

SCA CREDIT SERVICES, INC.,

                Defendant - Appellee.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.    Irene C. Berger,
District Judge. (5:14-cv-29565)

_____

Submitted:  October 19, 2015      Decided:  November 10, 2015

_____

Before WILKINSON, KING, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ralph C. Young, Jed R. Nolan, HAMILTON, BURGESS, YOUNG &
POLLARD, PLLC, Fayetteville, West Virginia; Troy N. Giatras, THE
GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for
Appellants.  Paul C. Kuhnel, Kevin P. Oddo, John T. Jessee,
Joseph M. Rainsbury, LECLAIR RYAN, PC, Roanoke, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Hill and Mary Hill appeal from the district court's order granting Defendant's Fed. R. Civ. P. 12(b)(6) motion and dismissing their amended class action complaint for failure to state a claim, confining their appeal to the district court's dismissal of their claims alleging violations of the West Virginia Consumer Credit and Protection Act (WVCCPA), see W. Va. Code Ann. §§ 46A-1-101 to 46A-8-102 (LexisNexis 2015). We affirm.

We review a district court's dismissal under Rule 12(b)(6) for failure to state a claim de novo, "assuming all well-pleaded, nonconclusory factual allegations in the complaint to be true." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "To survive a motion to dismiss pursuant to Rule 12(b)(6), plaintiffs' '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Although we "must accept the truthfulness of all factual allegations" in the complaint, Burnette v. Fahey, 687 F.3d 171, 180 (4th Cir. 2012), statements of bare legal conclusions "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). We will accept the conclusions the plaintiffs draw from the facts "only to the

2

extent they are plausible based on the factual allegations." Burnette, 687 F.3d at 180. Additionally, like the district court, we may consider documents attached to the complaint. Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). Where a conflict exists between "the bare allegations of the complaint" and any attached exhibit, "the exhibit prevails." Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

We conclude after review of the amended class action complaint, the letters attached thereto, and the parties' briefs that the district court did not reversibly err in dismissing the complaint. The Hills did not articulate facts that, when accepted as true, demonstrate plausible claims for relief under the WVCCPA. See W. Va. Code Ann. §§ 46A-2-124, -125, -127, -128, & 46A-6-102(7)(M); Chevy Chase Bank v. McCamant, 512 S.E.2d 217, 225 (W. Va. 1998); Orlando v. Fin. One of W. Va., Inc., 369 S.E.2d 882, 885 (W. Va. 1988). Accordingly, we affirm the district court's order. Hill v. SCA Credit Servs., Inc., No. 5:14-cv-29565 (S.D.W. Va. Apr. 22, 2015).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3