JOSEPHINE UPAH, APPELLEE, V. ANCONA BROS. CO. ET AL., APPELLANTS.

521 N.W.2d 906

Filed September 23, 1994. No. S-93-729.

Jerrold L. Strasheim and Mary L. Swick, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellant Ancona Bros. Co.

Fredric H. Kauffman and Gregory S. Heier, of Cline, Williams, Wright, Johnson & Oldfather; Allen E. Daubman, of Koley, Jessen, Daubman & Rupiper, P.C.; and Thomas R. Burke and Raymond E. Walden, of Kennedy, Holland, DeLacy & Svoboda, for appellants Samuel A. Ancona, Joseph I. Ancona, and Carl Ancona.

William Jay Riley, Daniel J. Wintz, and Gerald L. Friedrichsen, of Fitzgerald, Schorr, Barmettler & Brennan, P.C., for appellee.

BOSLAUGH, FAHRNBRUCH, and LANPHIER, JJ., and SIEVERS, Chief Judge, and CONNOLLY, HANNON, and IRWIN, Judges.

BOSLAUGH, J.

This case involves the attempts of the plaintiff, Josephine (Ancona) Upah, to collect on a $3,766,000 judgment awarded to her against the individual defendants, Samuel A. Ancona, Joseph I. Ancona, and Carl Ancona, and the corporate defendant, Ancona Bros. Co. (Company). The judgment of $3,766,000 entered against the defendants was not superseded and has not been satisfied.

The defendants' appeal from that judgment to this court resulted in a reversal of the judgment, and the cause was remanded for further proceedings against Samuel A. Ancona and Joseph I. Ancona with respect to the plaintiff's claim that they transferred 244 3/4 shares from the Charles Ancona trust to the Company and then reissued those shares to themselves and Carl Ancona without any notification to the plaintiff and without any consideration being transferred to the trust. See *Upah v. Ancona Bros. Co., ante* p. 585, 521 N.W.2d 895 (1994).

In the present case, the individual defendants appealed from separate orders of the district court granting the plaintiff's motions for orders in aid of execution. The orders directed that when any property or money is distributed to or for the benefit of the individual defendants from the Company's profit-sharing plan, such property or money shall be applied by the individual defendants toward satisfaction of the judgment in favor of the plaintiff and against the individual defendants. The orders also forbid and enjoin the individual defendants

from transferring or otherwise disposing of such property or money and from interfering with such property or money when distributed to the individual defendants from the plan.

The Company also appealed from the order of the district court granting the plaintiff's motion for order in aid of execution with respect to certain evidences of indebtedness owed by the Company to the individual defendants and others.

Generally, an order, judgment, or proceeding dependent on, or ancillary and accessory to, a judgment, order, or decree which is reversed shares its fate and falls with it. *Luschen Bldg. Assn. v. Fleming Cos.*, 226 Neb. 840, 415 N.W.2d 453 (1987). Because of our decision in *Upah v. Ancona Bros. Co., supra*, we reverse and vacate the orders of the district court granting the plaintiff's motions for orders in aid of execution.

REVERSED AND VACATED.

HASTINGS, C.J., WHITE, CAPORALE, and WRIGHT, JJ., not participating.