GARY'S IMPLEMENT, INC., APPELLEE, V. BRIDGEPORT TRACTOR PARTS, INC., FORMERLY KNOWN AS GARY'S TRACTOR PARTS, INC., APPELLANT.

701 N.W.2d 367

Filed July 29, 2005.   No. S-04-608.

Jerrold L. Strasheim and Mary Leiter Swick, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, L.L.P., and James L. Zimmerman, of Sorensen, Zimmerman & Mickey, P.C., for appellant.

Howard P. Olsen, Jr., and John F. Simmons, of Simmons Olsen Law Firm, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## INTRODUCTION

In this case, No. S-04-608, a successful plaintiff, Gary's Implement, Inc. (Seller), was granted an order in aid of execution on its judgment, and the defendant, Bridgeport Tractor Parts, Inc., formerly known as Gary's Tractor Parts, Inc. (Buyer), appeals. The underlying judgment has been reversed in the related cases Nos. S-03-941 and S-03-1242. See *Gary's Implement v. Bridgeport Tractor Parts, ante* p. 286, 702 N.W.2d 355 (2005) (*Gary's I*). Accordingly, we reverse and vacate the order in aid of execution in this case.

## PRESENT APPEAL

This case involves an appeal from the attempt by Seller to collect on a judgment in the amount of $632,225 plus interest and costs, entered on July 22, 2003, in favor of Seller and against Buyer. The July 22 judgment entered against Buyer was not superseded and has not been satisfied. The validity of the judgment was the subject of *Gary's I*.

In the present case, Buyer appeals from the May 10, 2004, order of the district court for Morrill County granting a motion in aid of execution filed by Seller. In summary, the order imposed sanctions against Buyer for bad faith for having filed a chapter 11 bankruptcy case in the U.S. Bankruptcy Court for the District of South Dakota, which bankruptcy the district court concluded was filed "for the sole and only purpose of frustrating [the] efforts [of Seller] to collect and enforce its judgment." The May 10 order also determined the amount of secured indebtedness held by another creditor of Buyer who was not a party to the underlying litigation, and directed that Buyer "cease and desist" from making any transfers or sales of personal property from its salvage yard in Bridgeport, Nebraska, outside of the ordinary course of business.

■ Generally, an order, judgment, or proceeding dependent on, or ancillary and accessory to, a judgment, order, or decree that is reversed shares its fate and falls with it. *Upah v. Ancona Bros. Co.*, 246 Neb. 608, 521 N.W.2d 906 (1994); *Luschen Bldg. Assn. v. Fleming Cos.*, 226 Neb. 840, 415 N.W.2d 453 (1987). Because of our decision in *Gary's I*, we reverse and vacate the

order of the district court granting the motion in aid of execution filed by Seller.

REVERSED AND VACATED.

GERRARD, J., dissenting.

I agree with the general principle that an order that is ancillary and accessory to a judgment that has been reversed shares its fate and falls with it. See *Upah v. Ancona Bros. Co.*, 246 Neb. 608, 521 N.W.2d 906 (1994). However, I would affirm the judgment underlying the district court's order in this case. See *Gary's Implement v. Bridgeport Tractor Parts, ante* p. 286, 702 N.W.2d 355 (2005) (Gerrard, J., dissenting). Therefore, I respectfully dissent.